IN RE THE MARRIAGE OF WILLIAM HOWARD MILLIGAN
*v.* DARLENE JANICE MILLIGAN

[No. 3-576A115. Filed August 9, 1977.]

*Thomas E. Rucinski,* of Hammond, for appellant.

HOFFMAN, J.—Appellant William Howard Milligan appeals from the order of the trial court modifying his visitation rights with his minor children. On February 7, 1975, the marriage of Darlene

Janice Milligan (wife) and William Howard Milligan (husband) was dissolved. The decree of dissolution incorporated by reference a settlement agreement giving the wife custody of the minor children, subject to the husband's visitation rights.

On April 1, 1975, wife filed a motion for rule to show cause and petition to modify decree. Pursuant to such petition, the parties agreed to modify the husband's visitation privileges.

On October 22, 1975, wife filed a second motion for rule to show cause. Thereafter husband filed a motion for rule to show cause and for modification of visitation. After a hearing, the trial court found both parties in contempt and entered its second order of the case modifying visitation as follows:

> "The Court now modifies the visitation and orders that respondent is entitled to visitation with the parties' minor children on the first Sunday of every month from 8:00 a.m. until 8:00 p.m. Petitioner shall prepare the children for the visitation by taking them to James and Anita VanVleet's residence located at R.R. #1, Box 273, Lake Village, Indiana, promptly at 8:00 a.m. on the first Sunday of every month and respondent shall be entitled to visit with the minor children from 8:00 a.m. until 8:00 p.m. on said day and shall return the children to the VanVleet's residence promptly at 8:00 p.m. on the day of visitation."

Husband contends that the trial court erred in restricting his rights to visitation without making the requisite statutory findings.

The appellee has not filed a brief in response to the issues raised by the husband.

IC 1971, 31-1-11.5-24(b) (Burns Supp. 1976), governs the visitation rights of a noncustodial parent as follows:

> "The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation might endanger the child's physical health or significantly impair his emotional development."

The major thrust of husband's argument depends upon whether the trial court's aforementioned modification order permitting visitation on the first Sunday of every month was a "restriction" of his visitation rights.

The original decree of dissolution delineated the husband's visitation rights as follows:

"*Visitation:*

"These provisions shall govern the visitation rights of the parties in the absence of a contrary agreement. These provisions shall not prejudice the parties' right to mutually agree to other reasonable provisions regarding visitation.

"1.   The husband shall have the right of overnight visitation with the two children in his home on one weekend per month commencing on Friday evening and ending on Sunday afternoon at approximately 1 P.M. The particular weekend per month on which this visitation shall take place shall be agreed upon by the husband and wife at least one week (5 days) prior to the commencement of such weekend visitation, or in the absence of such agreement shall occur on the second weekend of the month.

"2.   The husband shall have the right of daytime visitation with the children in the wife's home on one of the Husband's non-working days per week for a period of 2 hours. The day and time of such visitation shall be agreed upon by the parties at least 24 hours in advance. Such visitation shall be to the exclusion of the wife and shall in no case extend beyond 8 P.M.

"3.   The husband shall have the right of all day visitation with the children (outside the wife's home) on alternate holidays, as per the following example:

| | |
|---|---|
| Thanksgiving | 1974 — Wife |
| Christmas | 1974 — Husband |
| New Years | 1974-5 — Wife |
| Thanksgiving | 1975 — Husband |
| Christmas | 1975 — Wife |
| New Years | 1975-6 — Husband |

"4.   The Husband shall have the right of all day visitation with the two children outside the wife's home on alternate birthdays of each respective child."

The first modification of the husband's visitation privileges provided as follows:

> "Respondent shall be entitled to visitation with his children during the daylight hours at the home of petitioner and in petitioner's absence during his regular visitation times heretofore set forth in the settlement agreement.
>
> "It is further agreed that the children shall not be required to visit their father at any place other than his camper trailer and no other female person shall be present at such visitations."

In determining what was the effective order of the case prior to the second modification, the original order and first modification must be viewed in context. Such an examination reveals that the first modification made only minor changes of the original order. For example, the first modification order provided that visitation outside the wife's home was to take place only at the husband's camper trailer and to the exclusion of other females. Thus, the effective order before the commencement of the current proceedings was the original order as modified. *Adams v. Purtlebaugh* (1951), 230 Ind. 269, 102 N.E.2d 499.

The second modification order did not make minor changes in the prior order but set forth a new mode of visitation. Such order was a restriction of the existing visitation order. Thus, IC 1971, 31-1-11.5-24(b), *supra*, required the court to find that "the visitation might endanger the child's physical health or significantly impair his emotional development." The trial court failed to make such a finding. It found only that the mother was in contempt for denying the husband his right to visit the children pursuant to the existing court order, and that the father was in contempt for failing to give proper notice of his intention to exercise visitation.

The trial court erred in not making the requisite statutory findings. Accordingly, the judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Garrard, J. concurs with opinion.

Robertson, C.J., participating by designation, concurs.

CONCURRING OPINION

Garrard, J.—I agree that the modification granted by the court which permitted the father to visit his children only from 8:00 a.m. to 8:00 p.m. one day per month constitutes a restriction within the intended purpose of IC 1971, 31-1-11.5-24(b).

However, legislative attention should be drawn to the literal terms of the statute. Subsection (a) provides that a parent not granted custody is entitled to "reasonable visitation rights" absent a finding that visitation would endanger the child's physical health or emotional development. Since application of the section is not limited, presumably it would apply in the original custody proceeding and any subsequent modifications.

Thus, it is difficult to ascribe to the term "restrict" in section (b) any meaning other than the liberal one adopted by the majority.

The common, and perhaps the best, practice adopted by many courts upon granting a marriage dissolution where children are involved is simply to award to the non-custodial parent the right of visitation at all reasonable times and places. The flexibility allowed thereby promotes a continued spirit of cooperation between the parents and may aid the child in its right to a meaningful relationship with both mother and father. Of course, such orders do not always operate as intended. Even without the blame concepts of divorce law, many dissolutions are bitter. In addition, as people rebuild their lives and acquire new interests and commitments, problems may arise in fulfilling the concept of visitation at all reasonable times.

In such instances, upon application of one of the parties, the common practice of our courts is to specify times for visitation. In other cases parties relocate their homes in other communities with the result that to remain "reasonable" a prior visitation order should be modified. I do not believe it to have been the legislative intent to require that in all such instances where the subsequent order can be interpreted as a restriction of the visitation

rights previously granted, the court should be required to find that unless the order is made the child's physical health will be endangered or its emotional development will be significantly impaired.

NOTE—Reported at 365 N.E.2d 1244.