Mary Jane CHANCE (Spence), Appellant, (Petitioner Below),

v.

Robert L. CHANCE, Appellee, (Respondent Below).

No. 2–778A237.

Court of Appeals of Indiana, Second District.

March 5, 1980.

---

Mark A. Yegerlehner, Indianapolis, for appellant.

Gregory F. Hahn, William T. Rosenbaum, Dillon, Hardamon & Cohen, Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Mary Jane Chance Spence appeals the trial court's alleged modification

of the visitation provision [1] of a dissolution agreement executed by herself and her former husband, appellee Robert Chance. The dissolution agreement was approved and incorporated within a Decree of Dissolution.

Spence bases error on:

(1) The improper form of Chance's Petition for Instructions;

(2) The trial court's judgment restricting visitation;

(3) The trial court's reduction of support during Chance's summer visitation; and

(4) The trial court's bias and prejudice against her.

Spence argues numerous other errors which raise issues involving the sufficiency of the evidence to support the trial court's finding and judgment. Despite that, Spence's Appellant's Brief is devoid of any recitation of the evidence presented during the trial court proceedings as required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(5). Nor is the deficiency cured by the Appellee's Brief. It, too, is devoid of any statement of facts relevant to the issues presented for review.

■ · While this Court prefers to reach the merits of any issue when at all possible, nevertheless there are circumstances when this simply cannot be done. To so do would subvert the minimal requirements of the Appellate Rules, penalize good appellate practice and reward totally deficient appellate practice. We therefore regretfully deem waived all issues preserved and ar-

gued by Spence raising the insufficiency of the evidence to support the trial court's judgment.

## I

In response to Chance's Petition for Instructions, Spence filed a Verified Motion in Opposition to Petition for Instructions. The motion attacked the petition on the grounds that the issues raised in the petition were either without merit or were ". . . before the Court in improper form." The other objection made by Spence was in open court immediately before the presentation of evidence. Then Spence, by her counsel, again objected to the form of the petition in that "it contains matters . . . which address themselves to modification . . ." and yet was not signed nor verified by Chance.

Spence argues Chance's Petition for Instructions was improper for several reasons. It

(1) was neither signed nor verified by Chance as required by Official Rules, Practice and Procedure, Circuit and Superior Courts of Marion County, Rule 20, and

(2) was vague in that it did not allege specifics as to Spence's conduct, a change of circumstances affecting the best interests of the children, nor the extent of the relief sought.

■ Rule 20 [2] is inapplicable to Chance's petition. It only applies to petitions to

---

1. The dissolution agreement provided for visitation as follows:
 2. Visitation:
 (a.) The Respondent shall be entitled to reasonable visitation with the children. The Respondent shall notify the Petitioner two (2) days prior to the commencement of any requested visitation period. In the event the Petitioner is unable to honor any specific request for visitation, she shall give the Respondent an alternative time for visitation in lieu of the requested time.
 (b.) The parties shall split the time for each holiday which the children spend with each party for the various holidays of the year, including, but not necessarily limited to, the following: New Year's Day, Easter Sunday, July 4, Labor Day, Thanksgiving Day, De-

cember 24, and Christmas Day. The parties shall agree, prior to each holiday, upon the proportion of time which the children are to spend with each party during the holiday.
 (c.) The Respondent shall be responsible for picking up the children and returning them to the Petitioner's residence relative to any visitation period.
 (d.) If the residence of either party becomes any location other than Marion County, Indiana, the Respondent shall be responsible for picking up the children and returning them to the Petitioner's residence relative to any visitation period.

2. Local Rule 20 reads as follows:
 Petitions for *Modifications Re Custody of Children* —Limited: No petition for Modifica-

modify custody. We do not construe Chance's Petition for Instructions as a petition to modify custody. Rather, it is what it purports to be—a petition to clarify a decree of dissolution which merely declared the rights of Chance in regard to visitation without any express command or prohibition.

 Ideally the rights and privileges accorded to parents, both as to custody and visitation, should be exercised with good judgment and discretion, with mutual forbearance, and with proper regard to the rights of each other and the best interests of the child. Under such circumstances, the mere allowance of reasonable visitation privileges to the non-custodial parents would suffice.

The flexibility allowed thereby promotes a continued spirit of cooperation between the parents and may aid the child in its right to a meaningful relationship of both mother and father. Of course, such orders do not always operate as intended.

*Milligan v. Milligan,* (1977) Ind.App., 365 N.E.2d 1244 (Garrard, J., concurring opinion). Once it is shown the orders do not operate as intended, history, experience, and human nature show that a trial court should amend the decree to specify the visitation rights in detail as to times, places, and circumstances. This is the course of action pursued by Chance. We understand there is an articulable point where a petition to clarify becomes so sweeping it seeks to make substantial changes in custodial rights and thereby transforms itself into a petition to modify custody.

 We do not so construe this petition and hence we find no error because the Petition for Instructions was neither signed nor verified by Chance.

Only by liberally construing Spence's objections made in the court below to the petition are we able to reach her second contention. Spence urges the petition was improper because it was vague in not alleging specifics as to her conduct, the extent of the relief sought, nor a change of circumstances affecting the best interests of the children.

 The petition did not seek relief by contempt. That fact, coupled with the principle that evidentiary allegations are improper within a pleading and the fact Spence deposed Chance before trial, defeats Spence's argument of vagueness. Spence was put on notice Chance was seeking specific visitation rights and would, in all likelihood, introduce evidence of his desires on visitation as well as circumstances which made the existing visitation undesirable. Paragraph 4 of the petition requested the trial court review the reasonable visitation clause in the decree and specify "visitation rights by which the parties can abide for and provide the respondent (Chance) with adequate visitation with his minor children." She was sufficiently advised as to the issues raised by the petition to adequately prepare and defend against the petition.

Also without merit is Spence's final contention that the petition is improper because it did not allege "any change of circumstances, affecting the best interests of the children."

 The Dissolution of Marriage Act[3] does not specifically require a change of conditions before a trial court can modify custody, let alone specify and detail visitation. *Franklin v. Franklin,* (1976) Ind.App., 349 N.E.2d 210. Were we to assume the trial court modified a visitation order, rather than specifying and detailing visitation, the directive of the applicable statute is

---

tion of custody of children will be entertained unless a full year has elapsed from the date of the last decision of the Court pertaining to said custody, except on showing by a verified petition requesting hearing and setting forth in detail an extreme emergency existing that adversely affects the welfare and best interests of said children. Copies of said emergency petition shall be served on the opposite party who may within ten (10) days after such service file counter affidavits opposing said request for hearing. The Court, in its discretion, shall then decide on the basis of said sworn statements and any questions he elects to ask, whether modification petition may be filed.

**3.** IC 31–1–11.5–1 *et seq.* (Burns Supp.1979).

that the modification serve the best interests of the child. IC 31–1–11.5–24 (Burns Supp.1979).[4] While such a specific allegation is missing from Chance's petition, we would not deem its omission fatal. Inherent within the request for adequate visitation with his children is the concept that adequate companionship by a non-custodial parent with his children is inherently beneficial to those children and in their best interests.[5]

## II

Spence argues the trial court restricted the original visitation schedule by eliminating a portion of each holiday the children would spend with each parent or by eliminating New Years Day, July 4th, and Labor Day as visitation days. By so doing, Spence argues the trial court is required to find "the visitation might endanger the child's physical health or significantly impair his emotional development." *Milligan v. Milligan*, (1977) Ind.App., 365 N.E.2d 1244.

We are at a loss to understand Spence's standing to urge any such error.[6] Logic tells us Chance would be the more appropriate party to urge a restriction in visitation, if indeed it was restricted. However, we do not perceive visitation has been restricted within the meaning of IC 31–1–11.5–24(b) (Burns 1979 Supp.). The original agreement, incorporated within the Decree of Dissolution, provided Chance with reasonable visitation upon two days prior notice to Spence and with split time on various holidays, including New Years Day, July 4th, and Labor Day. The trial court has now

specified the visitation to include alternate weekends from 6 p. m. on Friday until 6 p. m. on Sunday, four continuous weeks during the summer and alternated certain holidays. The visitation as now specified is neither a restriction nor an expansion of the visitation as specified in the original dissolution agreement. Rather, it is a determination of what is reasonable visitation.

## III

Spence contends the trial court erred in reducing the child support by one-half during Chance's four weeks of continuous summer visitation. We agree.

The issue of reduction in child support was not raised in the Petition for Instructions. Furthermore, the issue was not tried to effect an amendment of the pleadings under Ind. Rules of Procedure, Trial Rule 15(B). Spence's objection to the attempt to raise a support reduction as an issue at the hearing was sustained by the trial court.

## IV

Spence next contends the trial court was biased and prejudiced against her as evidenced by the trial court announcing her decision in open court, without a record, on February 26, 1978 in the presence of Chance and his counsel but in her absence and the absence of her counsel.

At the conclusion of the hearing on February 16, 1978, in the presence of both parties and their counsel, the trial court found Chance in contempt involving certain

---

**4.** It is unclear whether Spence is urging error because the trial court failed to make a finding in its judgment that the specific visitation provided was in the best interests of the children. If so, it is not error. There was no request nor is there any rule mandating findings in this type proceeding. We presume such a finding from the fact the trial court granted specific visitation to Chance.

**5.** ". . . (T)he welfare of a child not only requires that it be supported; a child also needs the affection and companionship of both its parents insofar as their unnatural position makes this possible. . . . Furthermore, in this case both parents, whether it be the mother charged with the responsibil-

ity of the care and custody or the father charged with the financial support of the child, are thereby as a matter of equity and fair dealing entitled to share in the affection and companionship of the child, as circumstances permit. These considerations are inseparably related to the welfare of the child and the reciprocal equities between the parties." *State of Indiana ex rel. Summa v. Starke Circuit Court*, (1958) 238 Ind. 204, 149 N.E.2d 541, 543–4.

**6.** Interestingly, in the next paragraph of argument Spence argues the visitation has been expanded, not restricted.

payments but gave him ten days to purge himself. He was specifically directed to provide a receipt for the payment "on the tenth day from now." The trial court advised that its decision on visitation would not be made until then. The trial judge further specifically stated: "Ten days from now would be the 26th of February . . that's when I will make my order, and set out the hours of visitation." Apparently Chance appeared in open court on February 26 to provide the trial court with the clerk's receipt for payments, thereby purging himself, at which time the trial court advised him and his counsel of its intended judgment. The judgment was formally entered March 13, 1978 and corrected by an amended order entered March 29, 1978.

Spence further argues the trial court demonstrated bias and prejudice against her by its rulings relative to visitation and support reduction, by disregarding Spence's testimony, and by granting Chance's "*declaration or wishes*" relative to visitation and support.

While Spence was given notice the trial court would be prepared to make it order on the petition for instructions on February 26, 1978, it was not clearly stated at what hour or, indeed, if formal announcement of the decision would be made in open court. Therefore, it was reasonable conduct on the part of Spence and her counsel to expect more formal notice if their presence was expected. Under these circumstances it would undoubtedly have been better practice on the part of the trial judge to refrain making an announcement until the judgment was entered and both parties received it contemporaneously. However, we are certainly unwilling to hold the premature announcement was the result of bias or prejudice against Spence on the part of the trial judge. Similarly, the mere fact Chance was granted specific visitation as sought in his petition and by his evidence and erroneously given a reduction in support during his summer visitation fails to rise to the level of bias and prejudice. The record reveals few objections were made during the hearing and of those made by Spence most were sustained. While the trial court may well have ordered the specific visitation along the lines desired by Chance, we cannot find the order *per se* unreasonable. Spence's success on a claim of bias and prejudice depends on her ability to make a plain showing unfairness and prejudice existed and controlled the result. *State ex rel. Neal v. Hamilton Circuit Court*, (1967) 249 Ind. 102, 230 N.E.2d 775. This she fails to do.

This cause is remanded to the trial court with instructions to the trial court to vacate its order abating support in the amount of fifty percent (50%) during Chance's continuous four-week summer visitation. Thereafter, the judgment of the trial court is in all other matters affirmed.

Chance's motion for damages in defending a frivolous appeal is denied.

BUCHANAN, C. J., and SULLIVAN, J., concur.