In re the MARRIAGE OF Robert H. VASOLI, Appellant-Respondent,

and

Mary Jeanne Vasoli, Appellee-Petitioner.

No. 3–184A31.

Court of Appeals of Indiana, Third District.

Dec. 13, 1984.

Rehearing Denied Jan. 22, 1985.

Victor L. McFadden, South Bend, for appellant-respondent.

James F. Groves, Edward W. Hardig, South Bend, for appellee-petitioner.

STATON, Presiding Judge.

The marriage of Robert and Mary Jeanne Vasoli was dissolved on September 27, 1983. Mr. Vasoli appeals raising the following issues:

I. Did the trial court abuse its discretion in dividing the marital assets?

II. Did the trial court abuse its discretion in the award of child support and parochial school tuition?

III. Did the trial court abuse its discretion in ordering specific visitation as opposed to open-ended "reasonable" visitation?

Affirmed.

## I.

### Division of Marital Property

The Vasolis were married in 1969 and separated in August 1981. At the time of the marriage Mr. Vasoli was a tenured professor at Notre Dame and Mrs. Vasoli had recently completed a Master's Degree in Sociology. Neither party brought significant property into the marriage, but during the marriage the court found both made substantial contributions to the acquisition of marital assets. The husband inherited $27,400.00 in 1979, the majority of which was preserved and increased by investments managed by the husband. The parties owned a house, an automobile, some stocks, insurance policies and household goods and furnishings. The husband had a non-distributable retirement fund valued at $58,000.00. The court expressly recognized that the pension fund was not a distributable marital asset but was a factor to be considered in the distribution of assets.

The court found the husband, by virtue of his secure position as a tenured professor with a salary of $29,700.00 a year and substantial retirement benefits, to be in a sounder economic position than the wife who was unemployed and had worked only occasionally in recent years as a substitute teacher. The wife testified that her teaching certificate was not current and, moreover, that job prospects in her field of social studies and theology were not good.

The court distributed to the wife the home subject to the mortgage balance, the

car, one-half of savings, certain insurance policies with cash value, certain stocks, and 25% of the principal and earnings of the inheritance fund, for a total, according to the husband, of $63,120.47. The husband received the balance of the inheritance, certain stock and life insurance policies, one-half of savings, certain household items and books, and the electrical business which had no stated value, for a total of $32,986.88. In addition the husband was ordered to pay his wife's attorney's fees in the amount of $8,020.00, as well as a support arrearage of $1,628.00.

Our standard for reviewing the disposition of marital assets is well settled. The statute directs the court to divide the property in a just and reasonable manner, considering certain factors. IC 31–1–11.5–11.[1] We review the award only for an abuse of discretion to determine if the division is clearly against the logic and effect of the facts and circumstances before the court. *Lord v. Lord* (1982), Ind.App. 443 N.E.2d 847, 850. We will presume that the trial court complied with the statutory directive. *Wilson v. Wilson* (1980), Ind.App. 409 N.E.2d 1169, 1174. We neither weigh the evidence nor substitute our judgment for that of the trial court. *Lord, supra,* at 851.

The court made detailed findings regarding the circumstances of the parties and the factors considered. After our own careful review of the rather lengthy record we cannot say that the court's action was without rational basis. Although the circumstances might have supported a division other than 65%/35% we would simply be substituting our judgment for that of the trial court. Our deference to the trier of fact, who is in the best position to evaluate the testimony of the parties and weigh the evidence, precludes us from merely substituting our judgment where the division of property was not clearly against the logic and effect of the facts and circumstances before the court.

## II.

### Support

The determination of child support is within the trial court's discretion. *Herron v. Herron* (1983), Ind.App. 457 N.E.2d 564, 568. On review we will disturb an award of child support only where an abuse of discretion is clearly shown. *In Re Marriage of Rupp* (1983), Ind.App. 449 N.E.2d 1164, 1167.

The Vasolis have four children who, at the time of the judgment, ranged in age from 6 years to 12 years old. All four children attended parochial school where

---

1. "31–1–11.5–11. Disposition of property.—
   (a) For purposes of this section, 'final separation' means the date of filing of the petition for dissolution of marriage under section 3 [31–1–11.5–3] of this chapter.
   (b) In an action pursuant to section 3(a) [31–1–11.5–3(a)] of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.
   In determining what is just and reasonable the court shall consider the following factors:

   (1) The contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;
   (2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;
   (3) The economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;
   (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property; and
   (5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

they were reported to be excellent students and socially well-adjusted.

The court awarded custody of the children to the mother and ordered the father to pay seventy dollars ($70.00) per child per week in child support. In addition the court ordered the father to carry medical insurance on the children, pay for extraordinary medical expenses not covered by insurance, and to pay the tuition, books, and laboratory fees for the children for parochial grade and high schools. Mr. Vasoli was to have credit against the support payments to the extent of actual expenditures made for the children during periods when he had children for seven (7) days or longer. In making the award the court found and the record supports that the wife had a post-graduate degree but was unemployed. She had no regular source of income and had been unable to secure a teaching position in her area of expertise. The husband, on the other hand, was a tenured professor at Notre Dame University with a gross annual salary in 1983 of $29,700.00. The husband also did some electrical work on the side but there was no evidence of the value of that work and the husband testified it was mostly gratuitous. The court found that the children had no special medical or dental expenses, but that through religious choice and parental preference, the children had been and would be attending parochial schools.

■ Mr. Vasoli argues on appeal that there was no evidence of what the parochial school tuition would be, and therefore the trial court did not consider his ability to pay those expenses.

A father's duty to provide for his children's education depends upon the social and financial circumstances. *Rohn v. Thuma* (1980), Ind.App., 408 N.E.2d 578, 583. Discussing the issue of whether the father should be obligated to pay the cost of a private college education rather than the less expensive state supported university expenses, the *Rohn* court quoted a Pennsylvania decision with approval.

"The determination of whether such an additional burden should be imposed on the father is a matter for the trial court.

[The order] must be fair considering the property, income and earning capacity of the father, and the station of life of the family. It is within the discretion of the trial court to determine under all the circumstances what is just and equitable to the child and to the father." *Commonwealth v. Larsen,* (1967), 211 Pa.Super. 30, 234 A2d 18, 20.

408 N.E.2d at 582.

Reviewing the record we find evidence from which the trial court could have determined the extent of the husband's liability for his children's tuition. Specifically, in the wife's Supplemental Answers to Interrogatories, in response to a question regarding tuition credit or reduction, the wife attached records and an application form showing tuition and fees for the school years 1981–82 and 1982–83 of approximately eight hundred to eight hundred fifty dollars with financial aid of five hundred dollars each year. No further evidence was presented at trial by either party regarding the accuracy or inaccuracy of these figures or the future extent of the children's education expenses.[2] This evidence taken together with the court's specific findings regarding Mr. Vasoli's age, occupation, salary and post-separation indebtedness provided sufficient evidence from which the court could determine that Mr. Vasoli was financially able and should in fact pay for the children's parochial school education.

■ Mr. Vasoli's second contention with regard to the support order is that the trial court abused its discretion in holding that the wife had limited financial resources and

**2.** In his Motion to Correct Error Mr. Vasoli attached a schedule of projected costs for the children's schooling over the next several years. The fact that the costs may increase as the children enter high school may well support a later modification of the support order depending upon the financial circumstances of the parents. We do not feel this is a proper question to be addressed on appeal, however, since we find the order to be reasonable at the time it was made.

no independent source of income to enable her to contribute to the support of the children. He points to the wife's share of the marital property division in support of his argument that the court was arbitrary in setting the support award.

The statute directs the court to consider the financial resources of both parents when setting child support [3] and we make the logical assumption that this means the financial position of the parents after dissolution and distribution of the marital assets. Based upon the court's detailed findings we cannot agree that the court failed to consider the statutory factors. The fact that Mrs. Vasoli received a larger share of the marital assets must be weighed against the fact that she was unemployed and had somewhat limited job prospects due to the non-current status of her teaching certificate as well as a possible overabundance of teachers in her field. Even assuming that Mrs. Vasoli could obtain employment in the future, the court must consider the welfare of the children at the time judgment is rendered. If changed financial circumstances of either parent warrant it at a later date, the support order may be modified by the court.[4]

---

3. "[IC] 31–1–11.5–12. Child support.—(a) In an action pursuant to section 3(a) or (b) [31–1–11.-5–3(a) or (b)], the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct after considering all relevant factors including:

(1) The financial resources of the custodial parent;

(2) Standard of living the child would have enjoyed had the marriage not been dissolved;

(3) Physical or mental condition of the child and his educational needs; and

(4) Financial resources and needs of the non-custodial parent.

(b) Such child support order may also include, where appropriate:

(1) Sums for the child's education in schools and at institutions of higher learning, taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses; and

(2) Special medical, hospital or dental expenses necessary to serve the best interests of the child."

4. "[IC] 31–1–11.5–17. Modification and termination of maintenance, support and property

## III.

### Visitation

The trial court awarded custody of the parties' four minor children to Mrs. Vasoli. An extensive and detailed visitation schedule was ordered whereby Mr. Vasoli has visitation with the children three weekends out of every four, every Wednesday evening, alternating holidays and birthdays, one half of the Christmas vacation period, four weeks in the summer, Father's Day and his birthday. Mr. Vasoli does not dispute the specific visitation schedule per se, but contends that the statutory requirement of "reasonable visitation rights" [5] means he should also be permitted to visit with his children during non-scheduled times as long as it is reasonable.

Given the lengthy and somewhat acrimonious nature of the divorce proceedings, including disagreements between the parties over visitation arrangements, we believe the court's detailed visitation order was not only necessary but entirely reasonable. We do not interpret the statute to require open-ended visitation merely because there is no finding of endangerment

---

dispositions.—(a) Provisions of an order with respect to child support or an order for maintenance ordered under section 9(c) [31–1–11.5–9(c)] of this chapter may be modified or revoked. Such modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. The orders as to property disposition entered pursuant to section 9 of this chapter may not be revoked or modified, except in case of fraud which ground shall be asserted within two [2] years of said order.

5. "[IC] 31–1–11.5–24. Visitation.—(a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation by the parent might endanger the child's physical health or significantly impair his emotional development.

(b) The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation might endanger the child's physical health or significantly impair his emotional development."

of the child's physical health or impairment of his emotional development. What is reasonable is clearly a matter within the court's discretion given all the circumstances of the particular case. *See Kirk v. Kirk* (1982), Ind.App. 434 N.E.2d 571, 573. Here the trial court had ample evidence from which to determine that visitation, left to the agreement of the parties, would have little chance of harmonious resolution and in fact might result in Mr. Vasoli's rights being frustrated by Mrs. Vasoli.

Our reasoning is supported by Judge Shield's opinion in *Chance v. Chance* (1980), Ind.App. 400 N.E.2d 1207 where the custodial parent appealed from a modification of visitation. The original order provided for reasonable visitation upon two days notification to the custodial parent. The new order specified visitation to include alternate weekends, four continuous weeks during the summer, and certain alternating holidays. Judge Shields said, "[t]he visitation as now specified is neither a restriction nor an expansion of the visitation as specified in the original dissolution agreement. Rather, it is a determination of what is reasonable visitation." 400 N.E.2d at 1211.

We cannot say that the trial court's order regarding visitation was unreasonable or an abuse of discretion and we must reject Mr. Vasoli's argument.[6]

The trial court's judgment is therefore affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

**6.** Vasoli also argues that the order constitutes an abridgement of his and his children's First Amendment rights to freedom of speech and assembly. He cites no authority for his novel proposition, nor do we find any.