**Rebecca A. LEPPER, Appellant (Plaintiff Below),**

v.

**James W. LEPPER, Appellee (Defendant Below).**

**No. 02S03–8707–CV–627.**

Supreme Court of Indiana.

July 1, 1987.

Terry L. Cornelius, Fort Wayne, for appellant.

John Bullman, Fort Wayne, for appellee.

CIVIL PETITION TO TRANSFER

DICKSON, Justice.

 In this custody modification case, the Court of Appeals affirmed the judgment of the trial court. *Lepper v. Lepper* (1986), Ind.App., 495 N.E.2d 820. Among the various issues addressed, the Court of Appeals held that modification of a previously established child support order does not necessarily require the trial court to consider evidence of all four factors set forth in Ind.Code § 31–1–11.5–12(a). Appellant argues that this is in conflict with *Tucker v. Tucker* (1980), Ind.App., 406 N.E.2d 321. For the sole purpose of resolving the possible conflict between these opinions of the Court of Appeals, we grant transfer. Pursuant to Appellate Rule 11(B)(3), we decline to address the remaining issues and summarily affirm the opinion of the Court of Appeals thereon.

The marriage of Rebecca A. Lepper and James W. Lepper was terminated by divorce in 1972, and the custody of the parties' son was placed with Rebecca. Various ensuing proceedings addressed modification of custody and support. Following the February 10, 1984, denial of his petition to modify custody, James again sought and obtained custody on June 3, 1985. Prior to the change of custody from Rebecca to James, the last prior support modification (June 12, 1984) had set James's child support obligation at $70.00 per week. In conjunction with the change of custody ordered June 3, 1985, the trial court ordered Rebecca to pay child support of $70.00 per week. At that time, the son was 17 years old.

The support modification by the trial court in the instant case appears to be an order *sua sponte* entered contemporaneously with a modification of custody. Neither party had filed a petition seeking support modification.

While the record is silent concerning the support needs of the child and the income of James, there was evidence of Rebecca's income at the time of the hearing, and the fact that it had increased approximately 7% since the previous hearing. Rebecca argues that it was an abuse of discretion for the trial court to modify support by imposing upon her a support obligation absent evidence on the remaining statutory factors.

The modification of child support is expressly authorized by Ind.Code § 31–1–11.-5–17(a) (Section 17) which provides in pertinent part:

17(a) Provisions of an order with respect to child support ... may be modified or revoked. Such modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.

Section 17 does not identify any specific criteria to be considered in such modification proceedings. However, Ind.Code § 31–1–11.5–12(a) (Section 12) prescribes certain factors for consideration in the initial determination of child support:

12(a) In an action pursuant to Section 3(a) [dissolution], 3(b) [child support], or 3(c) [legal separation] of this Chapter, the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct after considering all relevant factors including:

(1) the financial resources of the custodial parent;

(2) the standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not been ordered;

(3) physical and mental condition of the child and his educational needs; and

(4) educational resources and needs of the non-custodial parent.

While noting that other cases such as *Tucker, supra,* may be construed to instruct that the trial judge *must* consider the four factors of Section 12 in a modification proceeding, the Court of Appeals concluded:

While the four factors of Section 12 may be relevant to modification of a child support order, and while a trial court therefore may appropriately consider them, a trial court does not necessarily commit reversible error by failing to ex-

pressly consider the four factors when modifying a child support order. *Lepper,* 495 N.E.2d at 825.

■ We agree. The factors identified by Section 12 are applicable not only to initial child support determinations, but also may be relevant in modification proceedings. However, not every support modification hearing will require evidence upon each factor.

■ The standard of review applicable to support modification cases is whether the trial court abused its discretion in finding changed circumstances of a substantial and continuing nature which warranted modification of support. *Meehan v. Meehan* (1981), Ind., 425 N.E.2d 157. In *Meehan,* this Court stated:

> The standard of review to determine whether a trial court has abused its discretion in modifying a support order is well settled. We do not weigh the evidence nor judge the credibility of witnesses, but rather consider only the evidence most favorable to the judgment, together with the reasonable inferences which can be drawn therefrom. If, from that viewpoint, there is substantial evidence to support the finding of the trial court, it will not be disturbed, even though we might have reached a different conclusion had we been the triers of fact. (Citations omitted.)

*Id.* at 161.

■ We recognize that the trial court's determination of Rebecca's support obligation very likely involved consideration of evidence relevant to the statutory factors presented in previous support determination and modification proceedings. Absent evidence of a change in circumstances, it is reasonable for the trial court to assume the continuation of factors shown by evidence presented in prior hearings. A party failing to present new relevant evidence generally cannot complain of a support modification determined without such new evidence.

■ In the present case, however, the support modification issue was not expressly raised by the pleadings. A change of custody from one parent to another can be,

in itself, a substantial change of circumstances which justifies a modification of support. *Rice v. Rice* (1984), Ind.App., 460 N.E.2d 1228. When the party seeking custody does not request child support, the opposing party should not be required to unnecessarily protract the hearing with support modification evidence. Resisting James's petition to change custody, Rebecca should not be faulted for failing to anticipate the loss of custody and to present evidence upon the support issue. Such evidence would be needed only in the event custody is changed. Under such circumstances, a reasonable procedure would be to permit the parties to present support modification evidence at a later time if the trial court changes custody from one party to the other.

■ Applying the standard of review to the present case, the issue is whether the support modification can be supported by the favorable evidence and inferences. The failure of James to file an appellate brief or to supplement the record precludes our consideration of supporting evidence, if any, from previous support determination proceedings. In the absence of any evidence regarding the James's financial resources and projected needs as a custodial parent, Rebecca's financial needs as a noncustodial parent, or the educational needs of their 17–year old son, we conclude that the evidence of Rebecca's income, standing alone, is an insufficient basis for the trial court to determine the amount of support obligation to be imposed.

Cause remanded for further proceedings with respect to modification of child support. The trial court is affirmed in all other respects, in accordance with the decision of the Court of Appeals.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.