**Carmel TATUM, Appellant–Petitioner,**

v.

**Robert TATUM, Appellee–Respondent.**

**No. 49A04–0112–CV–562.**

Court of Appeals of Indiana.

Aug. 21, 2002.

Rehearing Denied Oct. 7, 2002.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

George E. Palmer, Indianapolis, IN, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

Carmel Tatum (Mother) appeals from the trial court's order reducing the child support obligations of her former husband, Robert Tatum (Father). Mother raises the following restated issue for review: Did the trial court err in reducing Father's child support obligations sua sponte when a petition to modify·support has not been filed?

We affirm in part, reverse in part, and remand.

Mother and Father's marriage was dissolved by a Final Decree of Dissolution on April 8, 1996. There were four children born of the marriage. The oldest son, R.T., was declared to be an emancipated child, and Mother was granted custody of the three minor children: C.T., born April 13, 1980; J.T., born December 31, 1981; and M.T., born May 19, 1983. Father was ordered to pay support for the three minor children in the amount of $202.50 per week. The divorce decree also contained Father's stipulation that he already owed $1,695.00 in child support arrearage and included an order for Father·to pay the arrearage at a rate of $10.00 per week. The order did not attribute,a particular support amount to each child and did not issue a separate support order for each child. Rather, the court ordered one amount for all three children.

On January 4, 2001, Father filed a petition for termination of support order by reason of emancipation. In April 2001, Father reduced his child support payments to $100.00 per week, despite the lack of any court order authorizing a reduced payment. Eventually, Father reduced his child support payments to $67.50 per week, apparently on the advice of his attorney, despite the lack of any court order allowing a reduction. Father failed to appear at the scheduled hearing on May 21, 2001, and the trial court dismissed his petition without prejudice.

On May 24, 2001, Father again filed a petition for termination of support order by reason of emancipation. In the petition, Father argued that all three children were emancipated; Father did not submit a financial declaration or a child support worksheet.

On ˙June 6, 2001, the Marion County Prosecutor's Child Support Division filed a motion for rule to show cause why Father should not be held in contempt for failure to comply with his child support order. The court scheduled a show cause hearing for August 1, 2001, and Father failed to

appear. The court rescheduled the hearing for August 20, 2001.

On August 21, 2001, the trial court conducted a hearing on the prosecutor's motion to show cause and Father's petition for termination of his child support order. At the conclusion of the hearing, the court issued the following statement:

> The Court finds and orders that [C.T.] date of birth 8–13–80 is over 21 years of age and therefore emancipated; that the minor child [J.T.] is over 18 years of age and attending school, therefore he's still able to receive support, however he may be working in the future. That the minor child [M.T.], date of birth is 18 years of age, not enrolled in school, but is only partially capable of supporting himself; therefore child support is ordered for $100 per week effective May 24, 2001.

*Record* at 23. The court modified Father's child support obligation from $202.50 per week to $100.00 per week. No determination was made as to the amount of arrearage, and the court did not explain how it reached the modified support amount. When the court inquired about a child support worksheet, the prosecutor pointed out that Father had not requested modification of his child support order. The prosecutor also reminded the court that the support order was a nondivisible, in-gross order. No financial declaration forms or child support worksheets were filed with the court.

On September 19, 2001, Father filed a Motion for Order Modifying Support Nunc Pro Tunc. In that motion, Father requested the court to "consider his Petition for Termination of Support Order By Reason Of Emancipation as a Motion to Modify support Order and to issue an Order modifying support, Nunc Pro Tunc, to that effect." *Appendix* at 32. The trial court never ruled on the motion.

The Marion County Prosecutor, on Mother's behalf, filed a motion to correct error and supporting brief. In support of the motion to correct error, the prosecutor argued that Father had never requested a modification of his support order and that modification procedures had not been conducted. The trial court denied the prosecutor's motion to correct error on October 15, 2001.

Mother argues that the trial court erred in modifying a nondivisible child-support order where Father failed to petition the court for modification, and no financial declaration forms or child support worksheets were filed with the court.

Decisions regarding child support generally are left to the sound discretion of the trial court. *Thacker v. Thacker*, 710 N.E.2d 942 (Ind.Ct.App.1999). Absent an abuse of discretion or a determination that is contrary to law, we will not disturb a trial court's order modifying child support. *Id.* We do not weigh the evidence or judge the credibility of witnesses, but rather consider only the evidence most favorable to the judgment, together with the reasonable inferences which can be drawn therefrom. *Lepper v. Lepper*, 509 N.E.2d 818 (Ind.1987). If, from that viewpoint, there is substantial evidence to support the finding of the trial court, it will not be disturbed, even though we might have reached a different conclusion had we been the triers of fact. *Id.*

Modification of support in the absence of a petition is permissible under limited circumstances. *O'Campo v. O'Campo*, 597 N.E.2d 1314 (Ind.Ct.App. 1992). This may occur when, for example, the issue has actually been litigated or upon oral motion of either party. *Id.; see also Chance v. Chance*, 400 N.E.2d 1207 (Ind.Ct.App.1980) (implying that modification of support in the absence of a petition

is permissible when evidence in that regard has been introduced).

■ Our review of the record reveals that the instant modification did not result from a petition or an oral motion. We conclude, however, that the issue of modification was properly before the court. Father's petition for termination of support order by reason of emancipation was, by definition, a request to modify the support order then in effect. That is, Father was seeking a reduction in support from $202.50 per week to $0 per week. While neither party requested a partial reduction in child support, we reject Mother's argument that the court was limited to either terminating the child support order altogether or upholding the order in its entirety.

■ We note, however, that the judgment fails to contain any finding or conclusion that would indicate how the trial court arrived at its child support award. Because neither party apparently contemplated the possibility that the court may determine that some but not all of the couple's three minor children should be emancipated, no financial declaration forms or child support worksheets were submitted to the court. In the absence of any evidence germane to the calculation of child support under the Indiana Child Support Guidelines (Guidelines), we conclude

that there was insufficient basis for the trial court to fashion an award under these circumstances. It is clear that the modified amount did not reflect a consideration of appropriate data, as such was not presented to the court. Therefore, while we conclude that the issue of modification of child support was properly before the court, the trial court was without authority to enter a judgment for an amount without first considering facts relevant to the application of the Guidelines. *See Lepper v. Lepper*, 509 N.E.2d 818.

We hold, therefore, that the court's order should be affirmed as to the issue of emancipation.[1] We further reverse and remand the cause for consideration of factors relevant to the determination of an appropriate amount of support.

Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

BROOK, C.J., and SHARPNACK, J., concur.

1. Mother does not challenge the trial court's determination in that regard.