902 N.E.2d 332 (2009)
In re T.D.S., A Child in Need of Services:
Indiana Department of Child Services, Laporte County, Appellant,
v.
Laporte County Casa, Judge Thomas Alevizos, and Magistrate Nancy Gettinger, Appellees.
No. 46A04-0902-JV-78.
Court of Appeals of Indiana.
March 12, 2009.
*333 Autumn Dusk Halaschak, Indiana Department of Child Services, LaPorte County, Michigan City, IN, Robert Henke, Indiana Department of Child Services, Central Administration, Indianapolis, IN, Attorneys for Appellant.
David K. Payne, Braje, Nelson & Janes, Michigan City, IN, Attorney for Appellee, CASA.

OPINION
PER CURIAM.

Case Summary
Appellant-Petitioner Indiana Department of Child Services, LaPorte County ("DCS"), by counsel, filed a Notice of Expedited Appeal pursuant to Indiana Appellate Rule 14.1 ("App. Rule 14.1") challenging the trial court's placement order for T.D.S., a child in need of services ("CHINS"). Appellee LaPorte County CASA ("CASA"), by counsel, filed a Motion to Dismiss DCS's Expedited Appeal. In addition, DCS, CASA, and the LaPorte Circuit Court, by the Honorable Thomas Alevizos, LaPorte Circuit Court Judge, and the Honorable Nancy Gettinger, LaPorte Circuit Court Magistrate (generally, "the Circuit Court"), have all filed separate Memorandums of Law and Appendices pertaining to DCS's Petition for Expedited Appeal. Having reviewed the matter, we conclude that CASA's Motion to Dismiss should be denied and that the Circuit Court did not abuse its discretion in rejecting DCS's placement recommendation.

Facts and Procedural History
Tina S. ("Mother") is the biological mother of T.D.S. Documents submitted by *334 the parties in this expedited interlocutory appeal reveal that on or about April 30, 2008, T.D.S. was removed from Mother's care and custody amidst allegations of physical abuse perpetrated by Mother on T.D.S.[1] T.D.S.'s three younger siblings were also removed from Mother's care at the same time due to allegations of neglect relating to Mother's substance abuse problem. Following a hearing held on the same day, the Circuit Court determined there was probable cause to believe T.D.S. and his siblings were children in need of services ("CHINS") and placed all four children in foster care.[2] T.D.S. was placed with his half-brother, K.S.,[3] in the home of K.S.'s paternal grandparents ("Grandparents"), who reside in Michigan City.
On June 23, 2008, the Circuit Court adjudicated T.D.S. to be a CHINS after Mother admitted to the allegations contained in DCS's amended CHINS petition. On the same day, the Circuit Court also issued an Order on Initial Disposition ordering T.D.S. to remain in foster care with Grandparents, as recommended by DCS, and directing Mother to participate in a variety of services in order to achieve reunification with her children. For the next several months, Mother participated in and successfully completed all court-ordered services; consequently, during a December 8, 2008 case conference, it was decided that all the children should be returned to Mother's care.
DCS and service providers believed that it would be best to "gradually reunify [Mother] with the children." Appellant's App. p. 4. To this end, it was determined that the two youngest children would be returned to Mother's care first so that the two older children, T.D.S. and K.S., could finish the current school semester and receive counseling services to facilitate "transitioning" back into Mother's home. Id. at 5. T.D.S.'s two younger siblings were returned to Mother's care on December 20, 2008.
On January 14, 2009, the Circuit Court held a periodic review hearing. During this hearing, DCS requested that the Circuit Court modify its Order on Initial Disposition by removing T.D.S. from his current foster placement and immediately returning him to Mother's care and custody. Consequently, it appears the Circuit Court determined that DCS's request should be treated as a petition for the modification of its Order on Initial Disposition.
At the conclusion of the January 14, 2009 review/modification hearing, the Circuit Court decided it would be contrary to T.D.S.'s best interests to follow the recommendation of DCS and immediately return him to Mother's care. The Circuit Court therefore issued an order denying DCS's request for modification and re-set the matter for hearing on January 21, 2009. See Ind.Code § 31-34-19-6.1(c) (dispositional hearing shall be continued for not more than seven business days if during or after conclusion of hearing juvenile court does not accept DCS's recommendations). K.S., however, was returned to Mother's care the following day.
*335 On January 20, 2009, DCS filed with the Circuit Court a supplemental report containing DCS's final recommendation that the Circuit Court release T.D.S. from his current foster care and immediately return him to Mother's care. See id. (DCS shall submit supplemental report to juvenile court stating DCS's final recommendations and reasons for accepting or rejecting any recommendations not included in its original report). During the modification hearing held the following day, DCS reasserted its recommendation to reunify T.D.S. with Mother. CASA's report to the court, however, indicated that CASA believed it would be in T.D.S.'s best interests to remain in his current placement with Grandparents until the end of the 2008-2009 academic school year. T.D.S. also testified at the hearing and informed the Circuit Court that he wished to continue living with Grandparents until the end of the school year.
Following the January 21, 2009 modification hearing, the Circuit Court issued a Supplemental Order in which it (1) incorporated its prior findings contained in the January 14, 2009 order denying modification, (2) found DCS's placement recommendation to be contrary to T.D.S.'s best interests, and (3) ordered T.D.S. to remain in his current foster care placement until the end of the school year. See Ind. Code § 31-34-19-6.1(f) (juvenile court shall enter its dispositional decree with written findings and conclusions and specifically state why it is not accepting DCS's final recommendations contained in DCS's supplemental report). DCS, by counsel, timely filed a Notice of Expedited Appeal, pursuant to Indiana App. Rule 14.1, challenging the Circuit Court's placement order. CASA, by counsel, filed a Motion to Dismiss DCS's Petition for Expedited Appeal, and DCS filed a Response. In addition, DCS, CASA, and the Circuit Court filed separate Memorandums of Law and Appendices pertaining to DCS's Petition for Expedited Appeal. This appeal ensued.

Discussion and Decision
Two issues are presented by the parties in this expedited interlocutory appeal, made pursuant to App. Rule 14.1. First, we must address CASA's Motion to Dismiss and, in so doing, determine whether the Circuit Court's order rejecting DCS's placement recommendation is eligible for expedited review under App. Rule 14.1. Second, if DCS's appeal is eligible for expedited review, we must then consider whether the Circuit Court abused its discretion in rejecting DCS's recommendation to immediately return T.D.S. to Mother's care and custody.
CASA asserts that an expedited appeal under App. Rule 14.1 is not an available course of action for DCS under the facts of this case. Specifically, CASA argues that App. Rule 14.1 "governs appellate review per Indiana Code sections 31-34-4-7" and that "[a]ll other appeals concerning children alleged to be in need of services ... are not covered by this rule." Motion to Dismiss p. 1. CASA therefore asserts that because Indiana Code section 31-34-4-7 "applies only to services or programs provided to or on behalf of a child alleged to be a child in need of services at any time before entry of dispositional decree" and that the order being appealed was issued approximately one year after the Circuit Court's Order on Initial Disposition, the "plain language of [Indiana Code section] XX-XX-X-X precludes [DCS] from initiating [this] expedited appeal...." Id. pp. 1-2.
DCS counters that it is appealing the Circuit Court's placement order under Indiana Code section 31-34-19-6.1, which contemplates appeals of court orders related to dispositional matters. DCS further asserts that because App. Rule 14.1 "permits *336 an expedited appeal in cases involving non-concurrence between the trial court and [DCS] under [Indiana Code section] XX-XX-XX-X.1[,]" CASA's Motion to Dismiss should be denied. Response to Motion to Dismiss p. 1.
Initially, we observe that App. Rule 14.1 is entitled, "Expedited Appeal for Payment of Placement and/or Services[,]" and section A reads, in pertinent part, as follows: "A. Applicability. This rule governs appellate review per Indiana Code sections 31-34-4-7(f), [and] 31-34-19.6.1(f)...." Ind. Appellate R. 14.1(A). We further observe that Indiana Code chapter 31-34-23 provides for the modification of dispositional decrees. Section 4 of this statute states that when a hearing is required, as it was here, Indiana Code chapter 31-34-18 applies to the preparation of a modification report, see Ind.Code § 31-34-23-4. Indiana Code chapter 31-34-19 outlines the use of said modification reports during a predispositional hearing. We therefore determine that Indiana Code section 31-34-19-6.1, and the expedited appeal provided for therein, applies to and governs the process of modifying a dispositional decree where a trial court does not follow the recommendation of DCS.
Based on the foregoing, we conclude that DCS's request that the Circuit Court modify its Order on Initial Disposition and return T.D.S. to Mother's care and custody, coupled with the subsequent conduct of the parties, including the Circuit Court's setting of a modification hearing within seven days of the review hearing and DCS's submission of a supplemental report, transformed what may have originally begun as a periodic review hearing into a modification hearing on the Circuit Court's Initial Order on Disposition. See Ind.Code § 31-34-23-1 (juvenile court may modify any dispositional order upon its own motion or upon the motion of DCS caseworker); see also Ind. Code § 31-34-19-6.1(c) (where juvenile court does not accept recommendations of DCS, dispositional hearing shall be continued for not more than seven business days and DCS shall consider court's recommendation and submit to court a supplemental predispositional report). The Circuit Court's placement order therefore constitutes a new dispositional decree and, as such, is eligible for expedited review under Indiana Appellate Rule 14.1. See Ind.Code § 31-34-20-1(3); see also Ind.Code § 31-34-19-6.1(f) (DCS may appeal juvenile court's dispositional decree to allow any disputes arising under this section to be decided in an expeditious manner). CASA's Motion to Dismiss is therefore unavailing.
We must now consider DCS's assertion that the Circuit Court erred in rejecting DCS's recommendation to immediately return T.D.S. to Mother's care. The standard of review applicable to modification cases is whether the trial court abused its discretion. See Lepper v. Lepper, 509 N.E.2d 818, 821 (Ind.1987). When determining whether a trial court has abused its discretion, we do not weigh the evidence nor judge the credibility of witnesses. Id. Instead, we consider only the evidence most favorable to the judgment, together with the reasonable inferences which can be drawn therefrom. Id. If, from that viewpoint, there is substantial evidence to support the trial court's modification order, it will not be disturbed, even though we might have reached a different conclusion had we been the triers of fact. Id.
Applying this standard of review to the present case, we cannot conclude that the Circuit Court abused its discretion in rejecting DCS's recommendation and in ordering T.D.S. to remain in foster care with Grandparents until the end of the *337 academic school year. The documents submitted on appeal indicate DCS case manager Kecia Blakely, who testified during the January 2009 hearing,[4] informed the Circuit Court that although Mother had completed the specific court-ordered services, with regard to discipline of the children, she believed Mother would require additional counseling. When specifically asked whether she felt Mother had "rectified whatever root cause there was in [Mother] disciplining [T.D.S.] with an extension cord[,]" Blakely replied, "I think that it's an ongoing process. I think that we've initially prepared [Mother] to understand [and] to find healthy ways to deal with her child as far as different behavior, yes I do. But I feel that's something that's going to be ongoing." Appellee's App.CASA p. 6. Blakely also testified that due to "[T.D.S.'s] behaviors[,] ... there's gonna [sic] always be a problem with transitioning him into schools" and further acknowledged that uprooting T.D.S. and moving him to another school "would be a significant change for him[.]" Id. at 7. Finally, in its Confidential Dispositional Review Report submitted to the Circuit Court, CASA recommended that "[T.D.S.] should remain in the home of [Grandparents] until the end of the school year." Appellee's App.Circuit Court p. 9. CASA, in its report, also stated that after "attending [T.D.S.'s] IEP and speaking with his teachers and with [T.D.S.][,] this CASA believes that it would be in [T.D.S.'s] best interest[s][,] and be in the best interest[s] of his education[,]" to remain in Grandparents' home until school is out in June. Id. Thus, our review of the documents submitted on appeal leaves this Court convinced that there is sufficient evidence to support the Circuit Court's findings and ultimate decision to deviate from DCS's placement recommendation.

Conclusion
Having reviewed the matter, this Court now FINDS AND ORDERS:
1. CASA's Motion to Dismiss is DENIED.
2. There is sufficient evidence in the record to support the Circuit Court's decision to deviate from DCS's recommendation to immediately return T.D.S. to Mother's care and custody. Thus, the Circuit Court did not abuse its discretion, and the Circuit Court's Supplemental Order is hereby AFFIRMED.
3. DCS's request for relief under Indiana Appellate Rule 14.1 is DENIED and DCS is DIRECTED to comply with the Circuit Court's January 21, 2009 Supplemental Order, including payment for services, until such time as the Circuit Court's order is modified or vacated.
4. The Clerk of this Court is directed to serve copies of this order, both by facsimile and mail, on all parties of record, James W. Payne, Director of the Indiana Department of Child Services, 302 W. Washington St., Indianapolis, In XXXXX-XXXX, the trial court, and the LaPorte Circuit and Superior Courts Clerk.
5. The LaPorte Circuit and Superior Courts Clerk is ordered to file a copy of this order under lower cause number 46C01-0804-JC-48, and, pursuant to Indiana Trial Rule 77(D), the Clerk shall place the contents of this order in the Record of Judgments and Orders.
ROBB, VAIDIK, JJ., SHARPNACK, Sr.J.
NOTES
[1] Mother was subsequently charged with battery relating to this incident with T.D.S. and was awaiting trial on these charges at the time the Circuit Court issued its Supplemental Order in the underlying CHINS case.
[2] Because DCS only appeals the Circuit Court's placement decision pertaining to T.D.S., we limit our recitation of the facts solely to those relevant to T.D.S.'s foster care placement.
[3] T.D.S.'s brother's last name is unclear from the record. We therefore will refer to him as "K.S."
[4] The record is unclear as to whether the portions of the transcript provided on appeal were from the January 14, 2009, or the January 21, 2009 hearing.