## FRANKLIN INSURANCE COMPANY v. WOLFF.

[No. 4,261.   Filed March 10, 1903.]

APPEAL AND ERROR.—*Brief.*—*Court Rules.*—Where appellant's brief fails substantially to comply with rule twenty-two of the Appellate Court requiring that the brief of appellant shall contain a short and clear statement disclosing certain matters numbered and specified, the cause will be affirmed. *pp. 535-537.*

PLEADING.—*Demurrer.*—No error was committed in overruling a demurrer to a reply on the ground that "neither of said paragraphs states facts sufficient to avoid the second and third paragraphs of

answer," where the second paragraph of reply was addressed to the second paragraph of answer only, and the other paragraphs of reply were addressed to the third paragraph of answer. *p. 538.*

APPEAL AND ERROR.—*Refusal of Interrogatories.*—*New Trial.*—The refusal of the court to require the jury to answer interrogatories submitted by appellant can not be the subject of an independent assignment of error, but should be assigned as a ground for a new trial. *p. 539.*

From Laporte Superior Court; *A. C. Capron*, Special Judge.

Action by Charles Wolff against the Franklin Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. F. Gallaher* and *A. J. Clark*, for appellant.
*C. R. Collins* and *J. B. Collins*, for appellee.

BLACK, P. J.—The appellee formally and earnestly insists upon the enforcement against the appellant of rule twenty-two of this court, relating to briefs and arguments (Ewbank's Manual, lii), and directs our attention to particular insufficiencies of the brief of the appellant. That rule requires that the brief of appellant shall contain a short and clear statement disclosing certain matters numbered and specified; and it is contended that the brief of the appellant in this cause is not prepared in compliance with these requirements, which we must notice in their order.

"(1) The nature of the action." While the opening portion of the brief has no caption indicating a subdivision relating to the nature of the action, and is loose, disjointed, and indefinite, it does show, though quite meagerly, the general nature of the action, and we would not be disposed to consider the brief absolutely insufficient in this regard.

"(2) What the issues were." It can not be said that the brief complies with this requirement. All that is said concerning the complaint under this head is that the complaint is in two paragraphs. It can not be learned from what is said in this department of the brief what was the

substance, purport, or effect of any of the pleadings, except that the first of the three paragraphs of the answer and the first of the five paragraphs of the reply were general denials.

"(3) How the issues were decided, and what the judgment or decree was." There is not any such separate portion of the brief. In the opening remarks above mentioned, it is said that the cause was tried at a date mentioned, and that "from a judgment for appellee" upon this trial the appellant prosecutes this appeal. This, if under a third department of the brief, can not be said to be a short and clear statement disclosing how the issues were decided and what the judgment was.

"(4) The errors relied upon for a reversal." This requirement is sufficiently observed in the brief.

"(5) A concise statement of so much of the record as fully presents every error and exception relied upon, referring to the pages and lines of the transcript. If the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The statement will be taken to be accurate and sufficient for a full understanding of the questions presented for decision, unless the opposite party in his brief shall make necessary corrections or additions. Following this statement, the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them; and in citing cases, the names of parties must be given, with the book and page where reported. No alleged error or point, not contained in this statement of points, shall be raised afterwards, either by reply brief or in oral or printed argument, or on petition for rehearing." The appellant, in its brief, wholly fails to observe rule twenty-two as to mat-

ters required in this fifth clause thereof. There is no statement, concise or otherwise, of the portions of the record presenting errors and exceptions relied upon, and there are no propositions or points. In these respects the rule is wholly ignored.

All that follows the recital of the assignment of errors is put under the heading "Argument," and it does not contain any matters in substance supplying the deficiencies under the other headings. There is a mingling of remarks about pleadings and evidence and instructions, the substance or purport of which nowhere in the brief can be found; and it would require us to perform the work of the attorney to obtain a knowledge of the record and the questions involved sufficient for the performance of the duty of deciding thereon which pertains to the court on appeal. Not only should the court not be expected to practice law in a case before it, but it should sedulously abstain therefrom. There will necessarily be great diversity in the presentation of matters on appeal by different attorneys, and we are not disposed to require the strictest observance of technicalities, though greater labor be imposed upon us by inadequacy of presentation; but the rules of the court constitute part of the law and can not be wholly waived or ignored in the court by which they have been adopted and published. However much we may be disposed to overlook the meager performance of the requirements of our rules so far as our own convenience is concerned, we can not ignore or deny the rights of parties and their counsel when urged upon us as in this case. If we should be disposed to indifference in such a matter when not specially brought to our attention, we must uphold the right of the appellee to insist that the appellant seeking the reversal of the judgment, which ought to stand until shown in due form to be erroneous, shall not obtain such advantage without at least a substantial observance of the rules of court, obligatory on all parties and the court itself, until duly abolished or

modified. It would serve no useful purpose to take up space for showing forth in detail the confused and inadequate manner in which counsel have sought in their "argument" the reversal of the result reached in the trial court. We must concede the right of the appellee to insist on substantial compliance with the requirements of our rules concerning the brief of the appellant.

The first specification in the assignment of errors is that the court erred in sustaining the appellee's motion to make the second paragraph of defendant's answer more specific. This matter is not mentioned in the brief of the appellant, except in the recital of the assignment of errors.

The second specification is that the court erred in overruling the demurrer of appellant to the second, third, fourth, and fifth paragraphs, respectively, of appellee's reply. We find, on the suggestion of the appellee, that the body of this demurrer was as follows: "The defendant, Franklin Insurance Company, now demurs separately to the second, third, fourth, fifth, and sixth paragraphs of plaintiff's reply, on the ground that neither of said paragraphs states facts sufficient to avoid the second and third paragraphs of defendant's answer." The second paragraph of reply was addressed to the second paragraph of answer only, and the third, fourth, and fifth paragraphs of reply were addressed to the third paragraph of answer only. Of course, neither of these paragraphs of reply could be regarded as insufficient because it did not state facts sufficient to avoid both the second and third paragraphs of answer; and there could have been no error in overruling the demurrer.

The third specification of error is that the court erred in overruling appellant's motion for a new trial. In the fragmentary discussion in the "argument," as well as elsewhere in the appellant's brief, there is nothing which can be regarded as a sufficient compliance with the requirement of a concise statement of so much of the record as fully

presents the errors and exceptions relied on under this assignment, or as separately numbered propositions or points, stated concisely and without argument or elaboration.

The fourth and last specification of error is that the court erred in refusing to require the jury to answer the written interrogatories submitted by the appellant for answer in connection with their general verdict. This is a matter which would properly constitute a reason in a motion for a new trial, and it can not properly be made the subject of an independent assignment of error.

Judgment affirmed.