GARY AND INTERURBAN RAILWAY COMPANY *v.* HACKER.

[No. 8,571. Filed May 5, 1915.]

1. APPEAL.—*Briefs.—Contents.—Rule of Court.*—Where the motion for a new trial is not set out in appellant's brief, and the particular points attempted to be argued are not stated in compliance with Rule 22, they can not be considered. p. 620.

2. APPEAL.—*Briefs.—Objections to Instructions.*—Where appellant has wholly failed to set out the evidence in the brief, the court has no way of determining whether instructions alleged to have been erroneously given and refused were applicable, and must presume that the action of the trial court was proper. p. 620.

Gary, etc., R. Co. *v.* Hacker—58 Ind. App. 618.

3. APPEAL.—*Review.*—*Objections to Evidence.*—*Briefs.*—No question is presented on alleged error in permitting certain questions to be propounded to witnesses, where appellant's brief does not disclose the answers, or that a motion was made to strike out the answers and exceptions properly saved, or where appellant fails to point out the particular grounds of objection.  p. 620.

4. APPEAL.—*Review.*—*Insufficiency of Evidence.*—*Briefs.*—Even if appellant's brief properly sets forth the motion for a new trial, alleged error in overruling the motion because the verdict is not sustained by sufficient evidence is unavailable in the absence of a sufficient statement of the evidence.  p. 621.

5. APPEAL.—*Briefs.*—*Questions Reviewable.*—No question is presented on the overruling of a demurrer, where neither the demurrer nor its substance is set forth in appellant's brief.  p. 621.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Albert Hacker against the Gary and Interurban Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Gavit & Hall,* for appellant.
*McMahon & Conroy,* for appellee.

SHEA, J.—Action by appellee for damages for loss of services and society of his wife because of personal injuries sustained by her while a passenger on appellant's railway in the city of Gary, Indiana, January 12, 1910, by reason of appellant's alleged negligence in carelessly, violently and suddenly starting the car while appellee's wife was attempting to alight therefrom, without any fault or negligence on her part, resulting in the injuries complained of. Trial by jury, verdict and judgment for appellee for $100.

The errors assigned are: (1) "That the trial court erred in overruling appellant's motion for new trial." (2) "That the trial court erred in overruling the appellant's demurrer to complaint."

Appellee very earnestly insists that no question is presented by appellant's brief because of failure to comply with Rule 22 of this court. Appellee argues and presents no other question, and supplies no omissions in appellant's brief. It is first insisted that the motion for a new trial does

not appear in appellant's brief. An examination thereof discloses that the motion for a new trial is not set out in full and the particular parts attempted to be argued are not so stated as to comply with Rule 22 of this court, therefore they can not be considered. In the case of *Lyons* v. *Souder* (1914), 56 Ind. App. 443, 105 N. E. 511, the court said: "In the absence of the evidence, we can not say that error was committed by the court in giving the instructions objected to, or in refusing to give those tendered, as all presumptions are indulged in favor of the correct action of the trial court.  *  *  * It is presumed that the instructions given correctly stated the law as pertinent to the evidence, and those refused, if they stated the law correctly, were not applicable to the evidence." In this case appellant has wholly failed to set out the evidence in his brief so as to enable the court to determine whether there was evidence to which certain instructions claimed to have been erroneously given and refused by the trial court, were applicable.

It is next urged that error was committed by the trial court in permitting certain questions to be propounded to witnesses Marie Hacker and Dr. McMichaels. The answers to the questions are not given, and there was no motion to strike out answers with exceptions properly saved. The objection to the question is not alone sufficient, unless it shows upon its face that any answer would be harmful, or that it is objectionable in form. The answer must be set out in order that this court may determine whether the evidence is harmful. Furthermore, appellant has failed to point out the particular grounds of objection. The particular objection must be pointed out in order to present the question here. *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 102 N. E. 369.

It is also insisted that the court erred in overruling appellant's motion for a new trial because the verdict is not sustained by sufficient evidence. If the motion for a new trial

were properly in the brief, the evidence is not sufficiently set out, as heretofore stated, so as to enable this court to say, under the rule that there is not some evidence to sustain every material allegation of the complaint.

It is argued that the demurrer to the complaint should have been sustained. Neither the demurrer to the complaint, nor the substance thereof is set out in appellant's brief. Under the well-settled rule of both this court and the Supreme Court, no question is presented on this ruling. *Rahke* v. *McNulty* (1914), 55 Ind. App. 615, 104 N. E. 523; *Pry* v. *Ramage* (1911), 176 Ind. 446, 447, 96 N. E. 385; *Roark* v. *Voshell* (1915), *ante* 203, 108 N. E. 18, and authorities cited.

No question is properly presented. Judgment affirmed.

Note.—Reported in 108 N. E. 756. See, also, under (1, 4, 5) 2 Cyc. 1014; (2, 3) 2 Cyc. 1014, 1015.