### MACKEY v. STATE, EX REL. SMITH ET AL.

[No. 23,154. Filed May 28, 1918.]

1. APPEAL.—Briefs.—Record.—Presenting Questions.—Where appellants assign as error the overruling of motions to separate causes and to make the complaint more specific, and the overruling of demurrers to the complaint, but fail to set out in their brief the motions or the demurrers, either literally or in substance, and the complaint is merely referred to as containing in substance a certain claim, there is no question presented for review under Rule 22 of the Supreme Court. p. 412.

2. APPEAL.—Review.—Record.—The Supreme Court is not required to search the record in order to reverse a judgment. p. 413.

From the Lake Superior Court, Virgil S. Reiter, Judge.

Proceedings in *quo warranto* by the State of Indiana, on relation of Matthew Smith and others. From a judgment for relators, the defendants appeal. *Affirmed.*

*Franklin T. Fetterer,* for appellants.

*E. E. Pierson* and *Jesse E. Wilson,* for appellees.

SPENCER, C. J.—This is a proceeding in *quo warranto* instituted by appellee for the purpose of ousting appellants as members of the board of school trustees in the school town of Hobart in Lake county. In prosecuting this appeal from a judgment for the relators, appellants appear to rely on five assignments of error which challenge respectively the action of the trial court: (1) In overruling a motion to separate the various causes of action alleged to be stated in the complaint; (2) in overruling a motion to make the complaint more specific; and (3) in overruling the separate demurrer of each appellant to the complaint.

In preparing their brief, however, appellants have failed properly to present any question for our consideration. No attempt is made to set out in the statement of the record either the motion to separate, or the motion to make more specific, or any of the three demurrers, either literally or in substance, while the complaint is referred to simply as containing a claim "that appellants had not been legally elected to the offices of school trustees of the school town of Hobart, Lake county, Indiana, and that they, the relators, had been legally elected thereto." This is not, in any sense, a compliance with the provisions of Rule 22. *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 218, 97 N. E. 790; *Princess Amusement Co.* v. *Metzger* (1907), 169 Ind. 376, 383, 82 N. E. 758; *Pugh* v. *Cleveland, etc., R. Co.* (1915), 184 Ind. 350, 110 N. E. 193; *Gary, etc., R. Co.* v. *Hacker* (1914), 58 Ind. App. 618, 621, 108 N. E. 756.

It appears from the argument of counsel that a decision of the questions in issue would turn on the validity of certain proceedings of the board of town trustees, but the exact nature of those proceedings and of the objections urged thereto may be ascertained only on reference to the record, and we are not authorized to search the record in order to reverse a judgment. This conclusion renders it unnecessary to pass on appellee's motion to dismiss the appeal.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 711.