POFF *v.* MCKILIP, ADMR., ET AL.

[No. 16,033. Filed February 10, 1939.]

*Warren B. Allison,* and *James W. Sweeney,* for appellant.

*L. A. Douglass,* for appellees.

DEVOSS, J.—Appellant in his brief filed herein states that this is an appeal from a judgment of the Clark Circuit Court wherein appellant has been deprived of the office of County Commissioner of Clark County, Indiana; that he was charged with neglecting the duties of his office and that he filed an answer of "not guilty" thereto.

In prosecuting this appeal from a judgment for plaintiff, appellant relies on eight assignments of error, as set out under caption "Errors relied on for reversal" as follows:

"1. The Court erred in overruling the verified petition of the appellant that the Hon. George V. Cain do vacate the bench as Special Judge and decline to serve as Special Judge in this cause of action.

"2. The Court erred in overruling the motion of the appellant to vacate its order of December 10, 1936, sustaining the petition of Laurent A. Douglas to be appointed 'Special Prosecuting Officer,' and its order appointing said Douglas 'Special Prosecuting Officer.'

"3. The Court erred in sustaining the demurrer of the appellees to appellant's plea in abatement.

"4. The Court erred in overruling the appellant's motion to strike out the petition of the appellees.

"5. The Court erred in sustaining the motion of the appellees that the State of Indiana be made a party to this action.

"6. The Court erred in overruling the demurrer of the appellant to appellees' petition.

"7. The Court erred in sustaining the appellees' demurrer to the second paragraph of answer of the appellant.

"8. The Court erred in' sustaining the action of the appellees for judgment upon its findings and decisions."

In preparing the brief, however, appellant has failed to set out in the statement of the record either the verified petition referred to in assigned error No. 1 or the motion referred to in assigned error No. 2; the demurrer referred to in assigned error No. 3; the motion referred to in assigned error No. 4; the motion referred to in assigned error No. 5; the demurrer referred to in assigned error No. 6; the demurrer referred to in assigned error No. 7; and the motion (referred to as "action") in assigned error No. 8.

Appellant has waived his right to a consideration of the action of the trial court in overruling and sustaining the motions and demurrers referred to in assignment of errors 1 to 8 inclusive by failure to set out said motions and demurrers in full or by giving the substance thereof and by failure of brief to show exceptions were taken at the time the ruling complained of was made.

Under the caption "points and authorities" appellant states, "The verdict of the court was not sustained by sufficient evidence." This is not proper specification in an assignment of errors but would be a proper reason to assign in a motion for a new trial, and the ruling on the motion for a new trial would be a proper assignment of error in this court. If there was a motion for a new trial made in this case there has

been no error assigned upon the overruling of it. Hence that question is not before us for consideration.

Appellant has not, in any sense, complied with rule 21 of "The revised rules of the Supreme and Appellate Court adopted Nov. 15, 1933," relative to "a concise statement of the record." *Mackey* v. *State ex rel.* (1918), 187 Ind. 411, 119 N. E. 711; *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 97 N. E. 790; *Princess Amusement Co.* v. *Metzger* (1907), 169 Ind. 376, 82 N. E. 758; *Pugh* v. *Cleveland, etc., R. Co.* (1916), 184 Ind. 350, 110 N. E. 193; *Gary, etc., R. Co.* v. *Hacker* (1915), 58 Ind. App. 618, 621, 108 N. E. 756 .

It is the inclination of this court, in the presentation of matters on appeal, to pass upon and determine all questions raised, but the rules of court cannot be wholly disregarded.

As stated in the case of *Franklin Ins. Co.* v. *Wolff* (1903), 30 Ind. App. 534, 537, 66 N. E. 756, "There will necessarily be great diversity in the presentation of matters on appeal by different attorneys, and we are not disposed to require the strictest observance of technicalities, though greater labor be imposed upon us by inadequacy of presentation; but the rules of the court constitute part of the law and can not be wholly waived or ignored in the court by which they have been adopted and published. However much we may be disposed to overlook the meager performance of the requirements of our rules so far as our own convenience is concerned, we can not ignore or deny the rights of parties and their counsel when urged upon us as in this case. If we should be disposed to indifference in such a matter when not specially brought to our attention, we must uphold the right of the appellee to insist that the appellant seeking the reversal of the judgment, which ought to stand until shown in due form to be erroneous, shall not obtain such advantage without at least a substantial observance of

the rules of court, obligatory on all parties and the court itself, until duly abolished or modified."

Appellee earnestly insists upon the enforcement of the rules of this court relating to briefs and directs our attention to other infirmities which we do not deem necessary to discuss.

Appellant having failed by his brief to present any available error, the judgment herein is therefore affirmed.