STATE EX REL. CROSBY *v.* DECATUR CIRCUIT COURT,
HANBY, SPECIAL JUDGE.

[No. 30,809. Filed September 27, 1966.]

*Frank I. Hamilton,* of Greensburg, and *Donald L. Brunner* and *Brunner, Brown & Brunner,* of Shelbyville, for relator.

*Hubert E. Wickens, Don Wickens,* and *Wickens and Wickens,* of Greensburg, for respondents.

JACKSON, J.—Relator herein filed a "Verified Petition For Writ of Mandate" seeking a change of venue from Decatur County, Indiana, in a cause pending in said Decatur County Circuit Court entitled George Crosby, et al. v. Decatur County Community Schools of Decatur County, Indiana, et al., being cause No. 4176.

To the petition so filed the respondents filed as paragraph I of Answer a Motion to Dismiss for the reason that the petition and its exhibits are defective in that they do not include a certified copy of the Decatur Circuit Court's order book entries or a copy of the entries and orders made by the Decatur Circuit Court as required by Rule 2-35 of this Court. Prayer to this paragraph of answer was that the petition be dismissed.

For second paragraph of Answer to the petition the respondents allege that on June 11, 1965, answers were filed to relator's complaint below and the cause was set for trial for June 21, 1965; that relator and defendants were present by counsel on said June 11, 1965, and relator's counsel made no objection to the setting of said cause for trial, did not move for a change of venue and that the order book entry does not show any objections to setting the case for trial. Such second paragraph of answer further alleges that on June 19, 1965, relator filed a motion for change of venue from the county. Certain defendants filed motion to strike out and reject the motion for change of venue. Such motion was set for argument June 23, 1965, and trial set for June 21, 1965, was postponed until July 9, 1965, to which resetting relator's attorneys being present made no objection. Prayer at the conclusion of this paragraph of answer was that the court deny Petition for Writ of Mandate.

The first paragraph of answer raises the question as to the sufficiency of the petition under Rule 2-35 of this Court, which pertinent part reads as follows:

". . . If the relief sought relates to a proceeding in an inferior court, certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto. . . ."

The second paragraph of answer and the relief prayed for therein is predicated on the theory that relator waived his right to the change of venue by failure to comply with the provisions of Rule 1-12B (7) of this Court which in pertinent part reads as follows:

"Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court."

This court has previously and consistently held that the court is bound by its rules as well as the litigants. *State ex rel. Spelde* v. *Minker, Trustee etc.* (1963), 244 Ind. 421, 422, 193 N. E. 2d 365; *State ex rel. Woods, Treas.* v. *Knox C. C., Seal, J.* (1954), 233 Ind. 552, 553, 121 N. E. 2d 880.

The relator has wholly failed to comply with the rules, and the question having been properly raised by respondents, the respondents' motion to dismiss is well taken. *The Evansville Suburban and Newburgh Ry. Co.* v. *Lavender, Admx.* (1893), 7 Ind. App. 655, 34 N. E. 109, 34 N. E. 847; *Gray* v. *Singer, Administrator* (1894), 137 Ind. 257, 258, 36 N. E. 2d 209, 36 N. E. 2d 1109; *Petty, Executrix, etc.* v. *Friel* (1960) 240 Ind. 572, 167 N. E. 2d 345, 348.

The relator's petition for Writ of Mandate is now denied.

Rakestraw, C. J., Arterburn and Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 898.