FIRST NATIONAL BANK OF MISHAWAKA, ET AL. *v.*
PENN-HARRIS-MADISON SCHOOL CORP., ET AL.

[No. 1069S252. Filed December 18, 1972. No petition for rehearing filed.]

*Thomas P. Loughlin, William T. Means,* of Mishawaka, for appellants.

*John Schindler, Jr., James J. Olson,* of Mishawaka, for appellee.

JACKSON, J.—The defendants-appellants' statement of the issues presented for review is as follows:

"The issue presented for review by this Court is the Trial Court's overruling of defendants' additional objection to condemnation.

More specifically, the issue presented for review is whether a school corporation, which files a condemnation action in the spring of 1965, stating that it intends to build a junior high school and later builds a junior high school on other land, can continue the original action in 1969 by use of a general resolution that the property is needed for school purposes."

The plaintiff-appellee in its answer brief submits the statement of the issues presented for review as follows:

"The broad issue presented for review to this Court is as follows:

Is there any credible evidence in the record to support the Trial Court's decision overruling the Defendants' additional objection to condemnation?

This general issue involves the following more specific issues:

1. Have the Defendants failed to sustain their burden of proving that the school board has abused the discretion granted to it by the enabling act of the Indiana Legislature by exercising its power of eminent domain in an arbitrary, capricious, fraudulent or unlawful manner?

2. Has the Plaintiff satisfied the test to be applied in determining the right to condemn by seeking to acquire property for a public use named in the pertinent enabling statute?

3. Can it be determined if the action of a school corporation was arbitrary, capricious or unlawful without knowing the exact kind of school building to be erected on the property?"

The defendants-appellants' statement of the case is as follows:

"This case involves the use of eminent domain by a school corporation to condemn real estate owned by a trust created by the late Jocie Weber for her children and grandchildren (and commonly referred to herein as the Weber Trust).

The condemnation suit was filed in the spring of 1965 and objections to the School Corporation's Amended Complaint were filed by the Weber Trust, and upon being overruled by the Trial Court, said overruling of objections was appealed to the Supreme Court of Indiana.

The Trial Court's overruling of the objections to condemnation was upheld by this Court on November 30, 1967. (*First Nat. Bank* v. *Penn-Harris-Madison School Corp.* 249 Ind. 200, 231 N. E. (2d) 238).

Trial was had by jury to assess damages to the Weber Trust for the taking of the real estate. The jury returned a verdict for the Weber Trust assessing damages in the sum of $68,000.00 upon which judgment was entered on June 27, 1966. The School Corporation filed a Motion for New Trial which was granted by the Trial Court.

The Trial Court's granting of the motion for new trial was appealed to this Court, which ruled that the granting of a new trial motion was proper on May 27, 1968. (*First Nat. Bank* v. *Penn-Harris-Madison School Corp.* 250 Ind. 453, 237 N. E. (2d) 108).

Thereafter, the Trial Court ordered a pre-trial conference which was held on May 7, 1969, and at said pre-trial conference gave the parties until July 15, 1969, to file any additional motions and supporting briefs to reflect the

change of conditions since the inception of this lawsuit.

On July 15, 1969, the Weber Trust filed a motion to reopen objections to condemnation which was granted by the Trial Court. On September 5, 1969, the Weber Trust filed an additional objection to condemnation. Hearing was had on this motion on September 29, 1969.

On October 2, 1969, the Court made the following ruling:

'Comes now the parties by counsel, and this matter having been taken under advisement until this date, the Court now rules that the hearing had on the additional and amended objections to plaintiff's complaint on the grounds of this additional objection, the objections are overruled and this cause will stand for trial as scheduled.' (Tr. p. 37, 1. 27—p. 38, 1. 2)

This is an appeal of the Trial Court's overruling additional objections to condemnation."

The plaintiff-appellee agrees with the statement of the case as presented in the defendants-appellants' brief pp. 3-5 with the following addition:

"On April 26, 1966, the Plaintiff moved to dismiss its cause of action as to the parcel of real estate described as Parcel number two in the Plaintiff's amended complaint and said motion to dismiss as to said parcel was granted by the Trial Court. On June 23, 1966, the Trial was had by Jury to assess damages to the Weber Trust for the taking of the real estate described in the Plaintiff's amended complaint as Parcels number one and number three."

This is the third time this matter has been before this Court on appeal and in the instant case the appeal is on the rather narrow ground that the trial erred in overruling the additional objections to condemnation.

On September 29, 1969, the trial court held an evidentiary hearing on the defendants' additional objection to condemnation. The trial court reviewed the evidence and on the basis of that evidence and the applicable law overruled the defendants' additional objection to condemnation.

Where there is evidence to support the trial court's judgment that the plaintiff was entitled to exercise the power of

eminent domain, the reviewing court will not set aside such judgment. *Matlock v. Bloomington Water Company* (1925), 196 Ind. 271, 146 N. E. 852.

It has been held many times that all reasonable presumptions are indulged on appeal in favor of the rulings and judgments of the trial court, that the record must exhibit the errors for which the reversal is sought, and that a court of appeals will not presume anything in favor of appellant to sustain his alleged errors. *New York Central R. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453, 458.

The judgment of the trial court is affirmed.

Hunter, C.J., Arterburn and Givan, JJ., concur; DeBruler, J., dissents.

NOTE.—Reported in 265 N. E. 2d 16.