**Dorothe G. STEPP, Appellant (Plaintiff Below),**

v.

**REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, John C. Mowrer, and Joe A. Harris as Members of and as constituting the Review Board of and as Indiana Employment Security Division, and, The Medical Laboratory, Appellees (Defendants Below).**

No. 93A02–8707–EX–278.

Court of Appeals of Indiana, Fourth District.

April 4, 1988.

John O. Moss, Robert G. Mann, Moss & Walton, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for Review Bd.

S. Douglas Trolson, Lowe Gray Steele & Hoffman, Indianapolis, for The Medical Laboratory.

CONOVER, Judge.

Plaintiff–Appellant Dorothe Stepp (Stepp) appeals the decision of the Review Board of the Indiana Employment Security Division (Review Board) finding she was dismissed for just cause by the Medical Laboratory of Indianapolis, Indiana (Laboratory) when she refused to perform her assigned tasks on vials of bodily fluids with Acquired Immune Deficiency Syndrome (AIDS) warnings attached.

We affirm.

Stepp presents two issues for review,

1. whether the Review Board erred in finding Stepp had been dismissed for just cause, and

2. whether the Laboratory waived its right to compel Stepp to perform any tasks on fluids with an AIDS warning label attached.

The Laboratory presents one additional issue, whether Stepp waived any error by failing to adequately brief the issues.

The Laboratory performs chemical examinations on bodily fluids submitted by physicians. Some of the fluids come from individuals who may have AIDS. These fluids are in vials with warning labels attached. Stepp was employed by the Laboratory as a staff technician from April 1, 1977, until her discharge on February 27, 1987. Her duties included performing tests on fluids submitted to the Laboratory.

Stepp's supervisor, Christy Zurface (Zurface), had discussions with Stepp concerning AIDS specimens being tested at the Laboratory and the proper safety procedures to be used with these specimens. Subsequent to this discussion, Stepp refused to perform tests on specimens with AIDS warning labels attached. On February 10, 1987, Stepp was asked by Zurface to perform a test on a specimen with the AIDS precautionary label. She refused. On February 13, Stepp was informed a refusal to perform a test on any specimen would be considered insubordination and subject her to termination. Again, Stepp refused to test samples with AIDS precautionary labels. For this refusal, Stepp was suspended for three days in accordance with the Laboratory's disciplinary policy for insubordination.

On February 16, Stepp, Zurface and the Laboratory's business manager, Patricia Wynne (Wynne), met to discuss Stepp's suspension. Stepp contended she had refused to perform the tests for more than a year and was therefore exempt. Zurface and Wynne discussed with Stepp the safety precautions for handling specimens with AIDS precautionary labels. Stepp said she was not concerned with safety and refused to perform the tests because "AIDS is God's plague on man and performing the tests would go against God's will."

The Laboratory had a safety manual informing employees of precautions they should take when performing tests on potentially infectious specimens. The Laboratory provided masks, aprons, gloves and disinfectants for protecting workers from infectious specimens. Although the Laboratory had no specific safety policy for the handling of AIDS specimens, the topic was discussed at inservice education seminars and meetings.

After returning from her suspension, Stepp was again asked to perform tests on specimens with AIDS precautionary labels. Stepp refused and was discharged. After Stepp was discharged she sought unemployment compensation. A deputy from the Indiana Employment Security Division denied her benefits because she had been discharged for just cause. An appeals referee affirmed the deputy's decision. The Review Board affirmed the decision of the appeals referee incorporating his decision. From this ruling Stepp appeals.

The Laboratory contends this court should not reach the merits of the appeal because of Stepp's failure to adhere to the mandates of Ind.Rules of Procedure, Appellate Rule 8.3(A). The rule requires a party to properly argue, support and present a case in an appellate brief.

In reviewing an appellate brief for compliance with A.R. 8.3(A) this court decides whether the brief substantially complies with the requirements of the rule and whether the noncompliance is sufficiently substantial to impede consideration of the issues raised. *Terpstra v. Farmers and Merchants Bank* (1985), Ind.App., 483 N.E. 2d 749, 753.

Substantial compliance with A.R. 8.3(A) does not waive issues and is not fatal to the appeal. *Whitehouse v. Quinn* (1985), Ind., 477 N.E.2d 270, 272.

The Laboratory contends Stepp's arguments are unintelligible and are not based upon relevant authority.

Although not models of clarity, Stepp's arguments are sufficiently clear and supported by relevant authority sufficient to preclude dismissal on procedural grounds. Stepp's brief substantially complies with A.R. 8.3(A).

Stepp contends the Laboratory failed to provide a safe work place and she was justified in refusing to perform a dangerous task.

Under Section 11(c)(1) of the Occupational Safety and Health Act of 1970 (OSHA) an employer is prohibited from discharging any employee who exercises any right afforded by OSHA. One of the protected rights is "the right of an employee to choose not to perform his assigned task because of a reasonable apprehension of death or serious injury coupled with a reasonable belief that no less drastic alternative is available." *Whirlpool Corp. v. Marshall* (1980), 445 U.S. 1, 100 S.Ct. 883, 885, 63 L.Ed. 154.[1]

The *Whirlpool* court laid out a two part test. First, an employee must reasonably believe the working conditions pose an imminent risk of serious bodily injury, and second, the employee must have a reasonable belief there is not sufficient time or opportunity either to seek effective redress from his employer or to apprise OSHA of the danger.

The facts of this case reveal Stepp has failed both parts of this test.

In a discharge case, the burden of establishing just cause initially rests with the employer. When the employer establishes a prima facie case the burden shifts to the employee to introduce competent evidence to rebut the employer's case. On appeal the burden is upon the employee to establish reversible error exists. *Sloan v. Review Board* (1983), Ind.App., 444 N.E.2d 862, 865.

Whether a safe working condition exists is a question of fact. On appeal, we will neither reweigh the evidence nor assess the credibility of witnesses. We review to determine whether there is substantial evidence having probative value supporting the Board's determination. We will consider only the evidence most favorable to the award, including any and all reasonable inferences deducible from the proven facts. *Potts v. Review Board of Indiana Employment Security Division* (1985), Ind.App., 475 N.E.2d 708, 711; *Citizens Gas and Coke Utility v. Review Board of Indiana Employment Security Division* (1984), Ind.App., 471 N.E.2d 1175, 1175, *trans. denied*.

In *Whirlpool* two employees were ordered to climb onto a wire mesh situated high above a factory floor to perform their usual maintenance work. The employees refused claiming the mesh was unsafe and posed a threat to their health and safety. They were disciplined for their refusal. The employees filed suit for injunctive and other relief. The U.S. Supreme Court held § 11(c)(1) was a valid exercise of authority under OSHA. The plaintiffs were given a chance to litigate their claims.

The facts of *Whirlpool* are distinguishable from the present case. In *Whirlpool*, the trial court found the employees were justified in refusing to obey the orders. Here, no such finding was made.

---

1. Similarly, Indiana has adopted IC 22-8-1.1-2: Each employer shall establish and maintain conditions of work, which are reasonably safe and healthful for employees, and free from recognized hazards that are causing or likely to cause death or serious harm to employees.

The Laboratory presented evidence it had taken proper precautions to protect employees and had followed the guidelines set out by The Center for Disease Control in Atlanta. No evidence was presented these precautions were not effective.

Stepp failed to prove the precautions taken by the Laboratory were not effective in preventing the spread of the disease. Stepp testified she had "heard" of workers contacting AIDS from contaminated fluids. She did not present evidence of how these workers contracted AIDS. Instead, she presented only her own hearsay evidence.

Furthermore, Stepp had sufficient time to contact OSHA about the alleged unsafe working conditions, yet she failed to take these measures. Stepp was first warned she would be required to perform tests on the specimens, then suspended for not performing the tests and finally discharged. (Stepp does not contest the suspension in this action).

The Review Board could have reasonably found safety was not the reason for Stepp's refusal to perform the tests; rather, it was Stepp's religious beliefs which formed the basis of Stepp's refusal to perform her assigned tasks.

The Review Board did not abuse its discretion by finding Stepp was not faced with a threat of serious bodily injury or death to which no less drastic alternative existed.

Stepp also claims she was exempted from performing tests on AIDS contaminated fluids and therefore the Laboratory had waived its right to enforce the employment contract.

Whether waiver has occurred is a factual matter. *Integrity Ins. Co. v. Lindsey* (1983), Ind.App., 444 N.E.2d 345, 347. Waiver may be implied from the acts, omissions or conduct of one of the parties to a contract. *McNall v. Farmers Ins. Group* (1979), Ind.App., 392 N.E.2d 520, 523.

Here, the Laboratory claimed it never waived its right to require Stepp to perform any tests. Wynne testified all employees were required to perform tests on AIDS related materials and no employee was exempted from this rule. Further-

more, Stepp was warned, suspended, then discharged for insubordination. She was clearly required to perform a task which she refused to do. The evidence most favorable to the Laboratory reveals no waiver occurred.

The Review Board is in all things affirmed.

MILLER, P.J., and STATON, J., concur.