**In re the Marriage of George J. ANDREWS, Appellant (Respondent Below),**

v.

**Diana L. ANDREWS, Appellee (Petitioner Below).**

**No. 50A03–8802–CV–61.**

Court of Appeals of Indiana, Third District.

Dec. 5, 1988.

Eugene N. Chipman, Sr., Plymouth, for appellant.

David R. Holmes, Bremen, for appellee.

STATON, Judge.

George Andrews appeals the trial court's order to pay for one half of the outstanding medical bills for his adopted daughter, A., asserting error in that the child's mother did not seek medical attention through the child's insurance policy and did not contact George prior to incurring the medical expenses. Thus, the following issue is before us:

> Whether the court erred by ordering the non-custodial parent to pay half of his adopted daughter's unpaid medical expenses when the custodial parent did not seek medical attention under the child's insurance carrier?

Reversed.

While George Andrews was married to Diana, he adopted her daughter, A. Upon their divorce, Diana was awarded custody of A.; the court ordered George to provide

medical or health insurance for A. Accordingly, George obtained Blue Cross/Blue Shield insurance and made payments on the policy.

However, when it became necessary to enroll A. in a hospital for drug and alcohol abuse, Diana neither contacted George, nor enrolled A. in a hospital whose expenses would be fully covered by A.'s Blue Cross/Blue Shield policy. Such a hospital was the Koala Center in Plymouth, Indiana, approximately thirty minutes from Diana's home in Mishawaka.

Instead, Diana sent A. to hospitals in Illinois, incurring bills of approximately $34,000 which would not be fully covered by A.'s insurance policy. Therefore, Diana petitioned the court to order George to pay at least one-half of that outstanding amount. However, although Diana did not enter a petition to *modify* the Divorce Decree, the court nonetheless ordered George to pay one-half of A.'s outstanding expenses. George contests this order.

Indiana statutory and case law support George's position; the order is clearly contrary to both. Indiana Code 31–1–11.5–17 provides:

> Provision of an order with respect to child support ... may be *modified or revoked*.... (Emphasis added.)

West's AIC 31–1–11.5–17(a) (Supp.1988). Here, the court merely ordered George to pay certain medical expenses. The court did not modify the support order, and Diana did not request such a modification. In fact, the court's order disregards the original child support order, under which, in a sense, George already "pays for" A.'s medical expenses through the insurance payments he makes. Therefore, we find no authority allowing the court to authorize such an order.

Arguendo, even if Diana *had* petitioned for the modification of the support order, Indiana case law reveals that such modifications are only *prospectively* applied.

> A petition to modify a support order *operates only prospectively* and a trial court may not retroactively reduce or vacate a support order.

*Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751, 755. Thus, even were the order deemed a valid "modification," it is not without flaws.

Accordingly, we reverse the order of the trial court below.

NEAL, J., concurs.

GARRARD, P.J., concurs in result.