**William CAVAZZI, Appellant–Petitioner,**

v.

**Maureen Joyce CAVAZZI, Appellee–Respondent.**

**No. 49A05–9104–CV–123.**

Court of Appeals of Indiana, Fifth District.

Aug. 19, 1992.

David E. Wright and Ronald G. Sentman, Johnson, Smith, Densborn, Wright & Heath, Indianapolis, for appellant-petitioner.

Charles T. Gleason and William T. Niemier, Wood Tuohy Gleason Mercer & Herrin, Indianapolis, for appellee-respondent.

BARTEAU, Judge.

William Cavazzi appeals the trial court's order modifying his child support obligation. He argues the petition should not have been granted because it was filed only two months after the original order was entered by the trial court. According to William, this is in direct violation of Marion County Local Court Rule 19, prohibiting, except in specific circumstances, the filing of modification petitions less than a year after the last order had been entered. We agree and reverse the modification.

## FACTS

The nineteen-year marriage of William and Maureen Cavazzi ended in divorce in April, 1990. After a hearing on March 15, 1990, their agreement as to property division, spousal maintenance, and child support was incorporated in the trial court's dissolution decree dated April 2, 1990. The decree provided, in part, that William was to pay support of $141 a week for each of their three children (ages 17, 15 and 12), to carry medical insurance on each child, to pay all uninsured and unreimbursable medical and dental expenses, and to pay Maureen $660 a month for two years. The decree also contained the following provision:

"[William] shall provide to [Maureen] documentary evidence of any salary adjustment or bonus award received during 1990, and shall notify [Maureen] of any such adjustments or bonus upon knowledge of same."

(R. 7). This provision was added at the trial court's suggestion because, although both Maureen and William knew that William would be getting a raise the first part of April as well as a bonus soon, they did not know how much it would be. At the hearing, Maureen requested that the court make a type of "provisional" support order based on the amount of the raise, which the court refused to do. Maureen then asked the trial court to prospectively waive the restrictions of Local Rule 19(A). In general, this rule prohibits the court from entertaining a modification petition until a year after the date of the last support order. (The rule does allow an exception where the petition is verified and alleges an extreme emergency that adversely affects the welfare and best interests of the children.) She sought waiver of Rule 19 so that she could file a modification petition as soon as she knew how much of a raise William would get. The court refused to prospectively waive the rule. On April 16, 1990, William notified Maureen that his new salary, effective April 1, was $79,000 a year and that he received a bonus of about $17,000. William's gross income for 1989—including his salary and his bonus—was approximately $85,000.

Two months after the dissolution decree was entered, Maureen filed a petition to modify the decree. The petition was not verified and did not allege an emergency. She sought an increase from $141 to $158 per week per child in child support based on William's increased income. She also requested waiver of Rule 19. Maureen did not request any other modification in the

April 2 support order; however, her petition contained a request she "be granted all other equitable and proper relief in the premises." (R. 11). William moved to dismiss the petition based on Rule 19, and the trial court denied that motion.

The record indicates that on August 31, 1990, the court found "LR. 19 waived" and scheduled a hearing on Maureen's petition for modification. After a November 19, 1990, hearing, the trial court refused to increase William's weekly support obligation, but *sua sponte* ordered William to pay 95% of his oldest daughter's college expenses. The only evidence regarding college expenses presented at this hearing was William's testimony. He testified upon questions from his counsel that he had already paid $900 of his daughter's colleges expenses to date. Upon further questioning by the trial court, he stated it was his intent to pay for his children's college education based on his ability to pay at the time and their academic ability. William was also ordered to pay 40% of the net of any future performance bonus "to [Maureen] as support" and to pay $900 to Maureen's attorney. William's subsequent motion to correct errors was denied.

## DISCUSSION

William argues that the trial court should not have entertained Maureen's petition because the requirements of Local Rule 19(A), as it existed at the time of the modification petition, had not been met. This rule provided as follows:[1]

"No petition for modification of custody of children, child support or spousal maintenance will be entertained unless a full year has elapsed from the date of the last decision of the Court pertaining to said custody, support or maintenance, except on showing by a verified petition requesting hearing and setting forth in detail an extreme emergency existing that adversely affects the welfare and best interests of said children or spouse. Copies of said emergency petition shall

be served on the opposite party who may within ten (10) days after such service file counter affidavits opposing said request for hearing. The Court, in its discretion, shall then decide on the basis of said sworn statements and any questions he elects to ask, whether said modification petition may be filed.

It is the duty of counsel to determine the amount of time required by both sides for the hearing. No hearing will be scheduled until such time is stated, and it will be limited to the time requested.

An agreed modification entry shall not be approved by the Court without a modification petition first having been filed setting forth the reasons for such modification."

Maureen's petition was not verified and did not allege that an emergency existed. She merely alleged:

"That inasmuch as [William's] increased income is effective as of April 1, 1990, and this Honorable Court's Decree was effective April 2, 1990, [Maureen] respectfully requests that Rule 19 of the Rules of Court of the Circuit and Superior Courts of Marion County concerning modification of support within one year of the last hearing be waived."

(R. 11). However, she argues it was within the trial court's discretion to waive the provisions of Rule 19(A).

■ The authority of the trial courts to adopt local rules, as long as they are not inconsistent with any statute or rule promulgated by our supreme court, is without question. Ind.Code 34–5–2–2; Ind. Trial Rule 81(A). Neither William nor Maureen argues that Rule 19 is inconsistent with a statute or with a supreme court rule.[2] Absent such an argument, we will not address this question. Rather, we confine our discussion to the issue raised by the parties; that is, whether, after having promulgated a rule, the trial court is bound to strict application of the rule.

---

1. The rules have since been re-numbered, and this rule is now found at Rule 14(A) with some deletions.

2. Ind.Code 31–1–11.5–17, governs, *inter alia,* the modification of child support orders.

Our supreme court has held that it is bound by its own rules. In *State ex rel. Crosby v. Decatur Circuit Court* (1966), 247 Ind. 567, 219 N.E.2d 898, the court granted respondent's motion to dismiss the petitioner's "Verified Petition for Writ of Mandate" for a change of venue because the petition did not comply with the relevant supreme court rules of procedure. Likewise, this court granted appellee's motion to dismiss an appeal because the appellant failed to present argument to support its contentions, contrary to the mandate of appellate rules. *Poff v. McKilip* (1939), 106 Ind.App. 241, 18 N.E.2d 963. In *Poff,* the court recognized that occasionally we may be "disposed to overlook the meager performance of the requirements of our rules so far as our own convenience is concerned." *Id.* at 244, 18 N.E.2d at 965, quoting *Franklin Ins. Co. v. Wolff* (1903), 30 Ind.App. 534, 537, 66 N.E. 756. For example, we have held failure to strictly comply with the mechanical requirements of Ind. Appellate Rule 8.3, governing the arrangement and contents of briefs, is not fatal to the appeal as long as the issues raised and the merits of the argument are ascertainable. *See, e.g., Stepp v. Employment Sec. Div. Review Board* (1988), Ind. App., 521 N.E.2d 350; *Terpstra v. Farmers and Merchants Bank* (1985), Ind.App., 483 N.E.2d 749. We do this because we prefer to address the merits of the case instead of dismissing it and failure to follow the letter of the rule does not necessarily preclude review of the case.

We are not at liberty, however, to waive compliance with our rules that determine whether we may entertain the appeal in the first place, such as App.R. 2 (time limits) and App.R. 4 (jurisdiction). Local Rule 19 is similar to these rules in that it sets a time limitation for bringing the modification petition. Just as the supreme court and this court are bound by the rules of appellate procedure in this regard, trial courts are also bound by their local rules.

Nonetheless, Maureen argues that Rule 19 gives the trial court discretion to permit modification of a support order even though no emergency was alleged. However, it is clear from the rule that the trial court may only exercise this discretion when faced with allegations of an extreme emergency:

"*No* petition ... will be entertained unless a full year has elapsed from the date of the last decision ... *except* on showing by verified petition requesting hearing and setting forth in detail an extreme emergency existing that adversely affects the welfare and best interests of [the children]. Copies of said emergency petition shall be served on the opposite party who may within ten (10) days after such service file counter affidavits opposing said request for hearing. The Court, in its discretion, shall *then decide* on the basis of said sworn statements and any questions he elects to ask, whether said modification petition may be filed." (emphasis supplied).

Here, no verified petition was filed nor was there an allegation of an extreme emergency which would affect the welfare of the children. Therefore, the trial court had no discretion to decide to entertain Maureen's petition.

Maureen suggests that the interests of justice would not be served by a technical adherence to this rule. In our opinion, anything other than compliance with the rule, particularly in the face of William's specific objection to the petition, would be unjust. Maureen testified at the hearing in March that she knew William was getting a raise sometime after the hearing. Furthermore, her attorney was obviously aware of the restrictions of Rule 19 because he asked the court to waive the rule to permit a petition for modification as soon as William notified Maureen of the amount of his raise and bonus. However, after the trial court refused prospective waiver of the rule, Maureen did not attempt to comply with the provisions of the rule.

The trial court erred in entertaining Maureen's unverified petition for modification filed some two months after the divorce decree because it had been less than a year since the last order and no emergency was alleged. We reverse the trial court's order modifying William's support obligation on

this basis; however, we will address the specific errors in the court's order.

■ The trial court erred in ordering William to pay college expenses. First of all, Maureen's petition did not contain a request for college expenses. It was error for the court to order relief not requested by the petition. *See Lepper v. Lepper* (1987), Ind., 509 N.E.2d 818.

■ Secondly, under I.C. 31–1–11.5–12(b), the court may order a parent to pay for a child's college education:

"(b) The child support order may also include, where appropriate:

"(1) sums for the child's education in elementary and secondary schools and at institutions of higher learning, *taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses;*" (emphasis supplied).

However, before ordering a parent to pay a child's college expenses, the trial court must hold a hearing on the child's aptitude and ability and the parent's ability to pay. *Giselbach v. Giselbach* (1985), Ind.App., 481 N.E.2d 131. Here, no evidence on the daughter's aptitude or on William's ability to pay was presented at the hearing. The only evidence presented on this issue was that William had voluntarily paid $900 of the college expenses and that he intended to pay for his children's college education depending on their academic ability and his ability to pay. This evidence is insufficient to support an order requiring William to pay the college expenses. *Id.*

■ Likewise, the court erred in ordering William to pay "40% of the after tax benefit received from any bonus for performance within 10 days of its receipt to wife as support." [3] Indiana Support Rule 3 provides as follows:

"If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating

the factual circumstances supporting that conclusion."

■ The guidelines provide a rebuttable presumption that the amount of the award which results from their application is correct. *Talarico v. Smithson* (1991), Ind. App., 579 N.E.2d 671. When the trial court deviates from the guidelines, it "must set forth [its] reason for deviating from the guidelines' amount so that as a reviewing court we may know the basis for the court's decision." *Id.* at 673.

There is no indication here the court considered the guidelines in determining that 40% of William's future bonuses should go to support. In addition, William and Maureen agree that this order results in a support obligation in excess of the amount reached through application of the guidelines. However, the court did not set forth its reasons for its deviation. Accordingly, this order must be reversed.

■ We do find, however, that the court could have awarded Maureen attorney fees for this action. William argues that the trial court improperly ordered him to pay Maureen's attorney fees for the modification action because Maureen did not specifically request fees in her petition. However, in her response to William's objection to her modification petition, Maureen specifically requested William be required to pay attorney fees. Thus, William was put on notice that Maureen intended to request attorney fees at the hearing.

We are aware that the posture of this case is somewhat different from a modification petition that is denied for one reason or the other. Here, in addition to a decision on the merits, we have held that the petition should not have been entertained in the first place because of procedural errors. However, this does not preclude the award of attorney fees.

■ Indiana Code 31–1–11.5–16 permits the trial court to "order a party to pay a reasonable amount for the cost to the other party of maintaining or defending

---

**3.** It is not clear from the court's order whether the amount is for support of the children or for Maureen's support. However, William con-

cedes in his brief to this court that this is an order for "general child support." Appellant's Br. 22.

any proceeding under [31–1–11.5–1 *et seq.*]." The trial court has broad discretion in awarding attorney fees, and we will not disturb such an award absent a clear abuse of that discretion. *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696. There is no requirement in the statute that the person awarded attorney fees prevail in the action. *See Farthing v. Farthing* (1979), 178 Ind.App. 336, 382 N.E.2d 941; *Farley v. Farley* (1973), 157 Ind.App. 385, 300 N.E.2d 375.

William's sole argument on this issue is that attorney fees should not have been awarded because they were not specifically requested in the modification petition. He argues no other alleged abuse of discretion, nor do we find any. In determining the amount of the award, the trial court must consider factors such as the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such other factors as bear on the reasonableness of the award. *Selke v. Selke* (1991), Ind.App., 569 N.E.2d 724. Here, the court had before it evidence of William's annual income of about $96,000 for 1990 compared to Maureen's income of about $140 a week. Maureen's attorney testified that the total charge for the modification would be $2,248 (11.35 hours × $100/hour plus $113 for the hearing). Based on this evidence, the court determined $900 reasonable. We find no abuse of discretion.

In summary, the court's order requiring William to pay his daughter's college expenses as well as its order requiring William to pay part of his future bonuses as support is reversed. That part of the order requiring William to pay $900 to Maureen's attorney is affirmed.

RUCKER, J., concurs.

MILLER, J., concurs in result with opinion.

MILLER, Judge, concurring in result.

I write separately because the majority reaches the correct result, but for the wrong reasons. The trial court had the authority granted by Ind.Code 31–1–11.5–17 to entertain Maureen's Petition for Modification based on substantial changing conditions which rendered the original order unreasonable. Local Rule 19(A) is inconsistent with the statute. If it were otherwise, we must ask ourselves, "Why did Maureen ask in her petition for the rule to be waived?" The conflicts are apparent. The statute did not require a verified petition—the rule did. The statute did not provide a time limitation—the local rule prohibited a party, except in an extreme emergency, from exercising his or her rights to modify for at least a year after a prior order.[1] The standard was changed from changed circumstances making the terms of the original order unreasonable to the rule's requirement of an "extreme emergency."

The majority makes the mistake of not following an established rule of appellate procedure; i.e., the rulings made by the trial court are considered presumptively valid on appeal and it is the burden of the party appealing to establish their legal invalidity. *Moore v. State* (1986), Ind., 493 N.E.2d 778.

"It has been held many times that all reasonable presumptions are indulged on

---

1. Ind.Code 31–1–11.5–17. **Modification and termination of maintenance, support and property dispositions.**—(a) Provisions of an order with respect to child support or an order for maintenance ordered under section 9(c) ... of this chapter may be modified or revoked. Such modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. [P.L. 289–1987, section 1.]

This statute was modified by P.L. 155–1990 to read as follows:

Such modification shall be made only:

(1) Upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) Upon a showing that:

(A) A party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) The order requested to be modified or revoked was issued at least twelve months before the petition requesting modification was filed.

appeal in favor of the rulings and Judgments of the trial court ... a court of appeals will not presume anything in favor of appellant to sustain his alleged errors."

*Reilly v. Robertson* (1977), 266 Ind. 29, 360 N.E.2d 171, 176, *citing First National Bank v. Penn–Harris–Madison School Corp.* (1970), 255 Ind. 403, 265 N.E.2d 16, 18–19.

Here, the trial court exercised jurisdiction based on a right to modify granted by statute to either party under certain conditions. He did so despite the local rule by entering an order that the local rule was waived (without giving a reason). The exercise of his jurisdiction was presumptively correct. The majority ignores the burden placed upon Appellant William to show that it was incorrect. William cannot satisfy that burden by failing to address the issue in his brief or relying on Maureen's failure to raise it in her appellee's brief. Here, to overcome the presumption of validity, William had to show that: 1) the rule was valid and not inconsistent with a statute; and 2) the trial court abused its discretion in waiving the rule. William failed to meet his burden as to item (1), therefore, there was no need to reach the question of abuse of discretion. In the absence of cogent argument that overcomes the presumption favoring the ruling of the trial court, it is our duty to affirm that ruling.

This leaves the question of whether the evidence supported the judge's changes. By way of background, this is the story of the end of a nineteen year marriage, a marriage that produced three daughters. After a separation, Maureen and William determined that their marriage was over. They and their lawyers struggled to create a property settlement and support, custody, and visitation agreements that would be fair to them and would consider the best interests of their children. They almost succeeded. As noted by the trial court, the "agreement which has been read into the record today is fair, equitable, and in the best interests of the children." R. 84. This "would have been a very difficult case for the Court to decide." R. 85.

Maureen received more than half of the marital assets, including the family home in Carmel, and a maintenance payment of $660 per month for twenty-four months. R. 3. William agreed to pay $141 per child on a weekly basis ($423 per week) and assumed numerous other obligations for the benefit of their children. They agreed to joint custody with Maureen as the custodial parent. They also agreed that before any custodial or visitation dispute would be submitted to a court, they first would submit the dispute to mediation. Unfortunately, this provision did not extend to the support agreement.

The dispute before us involves a change in William's income, a change anticipated by the parties when they negotiated the settlement agreement. Maureen and William knew that William usually had an annual salary review in early April of each year. R. 67, 77. He previously received annual salary increases and bonuses. At the time of the dissolution decree, the amount of his salary increase (for 1990) and bonus (earned in 1989, but paid in 1990) was unknown. R. 79. William agreed to notify Maureen of his new salary and bonus award when he received them. R. 7. The trial court refused to either prospectively waive Local Rule 19(A) or to enter anything "in the Decree ... dealing with a future determination of support." R. 70. On April 16, fourteen (14) days after the dissolution decree was entered, in accordance with the decree William notified Maureen that his salary had been increased to $79,500 per year and he had received a $17,221.11 bonus. William earned a total gross income of $96,722.11 in 1990, compared to $85,000 for 1989.

About two months later, Maureen filed a petition for modification of the support agreement. Maureen asked the trial court to increase the support payments $17 ($51 per week)—from $141 per week per daughter to $158 per week per daughter ($574 per week), an increase of about 12%. Maureen based this level of support on William's new annual income and the support levels of the Indiana Child Support Guide-

lines. Annually, the difference in total support is $2652.00

As stated by the majority, the trial court waived Local Rule 19 and heard argument on Maureen's petition. The trial court refused to increase the weekly support payment. However, the trial court *sua sponte* ordered William to pay 95% of their oldest daughter's tuition and book expenses at IUPUI. The court then ordered William to pay to Maureen as "support," 40% of the net after tax amount of any *future* bonus he might receive. Finally, the court ordered William to pay $900 of Maureen's $2248 attorney fees.

Having shown above that the trial court correctly assumed jurisdiction, I address the remaining issues of whether the trial court erred by: 1) finding that Maureen demonstrated a change in circumstances so substantial and continuing as to make the terms of the support order unreasonable; and 2) ordering William to pay part of Maureen's attorney fees.

The trial court found that "there have been substantial and continuing changes in circumstances making the former order of Court unreasonable as to child support." R. 30. The trial court then increased Maureen's future support payments by giving her forty (40%) of the net amount of William's future bonuses.[2] In my opinion, this was error because Maureen failed to present any evidence of substantial and continuing changes in circumstances. The only evidence supporting Maureen's petition was that William's gross income had increased, by less than twenty percent, due to a bonus that both parties anticipated at the time of their agreement. This evidence only established that the current order was not in exact conformance with the guidelines.

Traditional examples of changed circumstances have included educational expenses, *Martin v. Martin* (1986), Ind., 495 N.E.2d 523; injury and bankruptcy, *Kruse v. Kruse* (1984), Ind.App., 464 N.E.2d 934, *reh'g denied, trans. denied* (1985); and a change of custody, *Rice v. Rice* (1984), Ind. App., 460 N.E.2d 1228. "In considering the role of the guidelines [Indiana Child Support Rules] ... we are of the opinion that the use of such guidelines, *standing alone*, does not comply with the statutory command which makes a showing of changed circumstances in modifying child support orders absolutely mandatory." *Stierwalt v. Dyer* (1988); Ind.App., 531 N.E.2d 1213, 1214. "These guidelines ... may not be used absent a showing of a substantial change in circumstances." *Vore v. Vore* (1990), 563 N.E.2d 154, 157 n. 2, *aff'd, Vore v. Vore* (1991), Ind., 573 N.E.2d 397. *Stierwalt* and *Vore* make it clear that something more than a change in income, which would result in a different amount of child support payments based on the Indiana Child Support Rules, is required to change a support order.

I might also add that the judge's order only applied to future bonuses—not to weekly support payments. There clearly was no evidence of a change in circumstances (after only two months) on the bonus issue. The judge knew no more about *future* bonuses than he did at the time of the original decree. It appears to me that the judge was using a modification hearing to correct what he thought was an omission in the original decree.

I do agree with the majority's conclusion that the trial court abused its discretion in ordering William to pay college expenses *sua sponte*. The issue was not raised in Maureen's modification petition nor was it argued at the hearing. Therefore, this is

2. The trial court order clearly affects only future bonuses. The order states:

(5)(C) "Father shall pay 40% of the after tax benefit received from any bonus for performance within 10 days of its receipt to wife as support. This bonus is usually received in April.

(6) This order shall operate prospectively only." This is in accordance with well established Indiana case law. "A petition to modify a support order *operates only prospectively ...*" *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751, 755. A trial court may make a modification of support payments effective as of any date after the filing of the petition. *In re Marriage of Wiley* (1983), Ind.App., 444 N.E.2d 315, 319. *See also Smith v. Mobley* (1990), Ind.App., 561 N.E.2d 504; *Andrews v. Andrews* (1988), Ind.App., 531 N.E.2d 219; *Kruse v. Kruse* (1984), Ind.App., 464 N.E.2d 934, *trans. denied.*

not a T.R. 15 question of merely conforming the pleadings to the evidence. The only evidence before the court was that William was voluntarily paying these expenses and that he intended to continue to do so, consistent with their daughters' academic ability and his capacity to pay.

In addition to the authority of *Lepper v. Lepper* (1987), Ind., 509 N.E.2d 818, cited by the majority, this court has found that it is error for a trial court to *sua sponte* raise issues of child support. *Gielsdorf–Aliah v. Aliah* (1990), Ind.App., 560 N.E.2d 1275, 1277. "Where parents agree that the needs of their children are being met under an existing court order, and neither is petitioning the court for modification, the court is not required to initiate modifications ..." *Id.*

Here, Maureen asked only an increase in weekly child support payments. She did not ask that William be required to pay colleges expenses, probably because he had voluntarily paid them. Therefore, I agree that the court abused its discretion in ordering payment of college expenses.

I agree with the majority's decision with respect to payment of attorney fees. Since the court had jurisdiction to hear Maureen's petition, it did not abuse its discretion in finding that $900 of Maureen's legal fees was a reasonable amount that should be apportioned to William.

